PUSYLO *v.* PUSYLO.

DIVORCE—DIVISION OF PROPERTY—EQUITY.
> On appeal from portion of decree in suit for divorce between parties who had been married 21 years, who had three children the youngest of whom was but 14 years of age, where it appeared wife had worked in a factory for a number of years and husband was in prime of life, division of property which might not have been equal *held,* not inequitable under the circumstances.

---

* 2 Comp. Laws 1929, § 8407 *et seq.*—REPORTER.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 9, 1937. (Docket No. 47, Calendar No. 39,391.) Decided May 21, 1937.

Bill by Martha Pusylo against Peter Pusylo for an absolute divorce. Cross-bill by defendant against plaintiff for an absolute divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Nicholas Salowich,* for plaintiff.

*Peirson & Peirson,* for defendant.

Butzel, J. In the decree of divorce granted plaintiff, the court found defendant guilty of extreme and repeated cruelty as charged in the bill of complaint. Defendant's sole complaint on appeal is that the division of property under the decree was inequitable. The settled record on appeal has omitted all testimony except such as refers to the property of the parties. However, from the bill of complaint, the admissions in the answer and the statements made by the circuit judge, it appears that the parties lived together approximately 21 years; that one of their three children is still a minor of the age of 14; that the parties acquired property through their joint efforts; and that the plaintiff for a number of years past worked in a factory and turned her wages into the family exchequer. The principal asset consists of an interest in the balance of upwards of $2,000 still due the plaintiff and defendant as joint title owners and vendors in a land contract for the sale of a farm. It is claimed that defendant has collected and kept $682 of payments made on the contract. Under the decree each party is awarded a one-half interest in the balance due on the contract. Plaintiff is also given an equity in property occupied by her-

self and children. It consists of a lot improved with a two-family flat, subject to a mortgage of $3,563.63. Taxes for the years 1934 and 1935 were due at the time of the hearing. The friend of the court valued the equity at $1,174.76. Plaintiff was given the household furniture of the value of $150. Defendant was awarded a half interest in the balance due on the land contract and was allowed to retain the $682 he had collected thereon. He also was given equities in lots of the possible value of $464.69. Plaintiff was not awarded any other sums for her maintenance and support but defendant was ordered to pay her $5 a week for the support, maintenance and education of the minor child.

The judge stated at the time of the hearing that he was trying to divide the property equally. He referred to a division made by the friend of the court, whose report showed an almost equal division. Defendant claims that the equities awarded him in the lots are of very small value; that the household furniture is worth slightly more than the figure at which it was appraised; that he was obliged to spend part of the money collected from the contract for legal expenses, and that the division of the property is unequal.

While the division of the property might not have been equal, it was not inequitable. We take into consideration the fact that plaintiff, in addition to her household duties, worked in a factory, used her earnings to assist the family, and that, after rearing a family and working in a factory, she is approaching years in which she can no longer work, while defendant is still in the prime of life. His earnings as a real estate dealer have been very meager, but he is relieved of the further duty of supporting plaintiff. Plaintiff has not filed a cross-appeal, though in a

brief filed in her behalf, she asks that we hear the case *de novo* and award her a larger share of the property. However, we find no reason to disturb the findings of the lower court.

Decree affirmed, with costs to plaintiff.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.