KARWOWSKI *v.* KARWOWSKI.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
In wife's suit for divorce on the ground of extreme and repeated cruelty, evidence *held*, to justify awarding decree of divorce and custody of children to her as against husband's claim that either he was entitled to decree or that neither party was.

2. SAME—INJUNCTION—MAINTENANCE OF HOME.
Decree of divorce which failed to fix dower interest in husband's property and enjoined either party from transferring the home

or furniture therein until the further order of the court indicated trial court's intention to have home maintained for the benefit of the wife and children.

3. SAME—DIVISION OF PROPERTY—DOWER—STATUTES.

Determination of wife's dower interest and property interest of the parties in divorce suit must be made in and by the final decree, any attempted reservation of such questions for future determination rendering the decree interlocutory in part not being permissible under statutes governing divorce proceedings (3 Comp. Laws 1929, § 12766).

4. SAME—APPEAL—DE NOVO REVIEW—RECORD.

Divorce suit on appeal in Supreme Court is heard *de novo* on record as made in the circuit court.

5. SAME—DIVISION OF PROPERTY—DOWER—WELFARE OF CHILDREN—MAINTENANCE OF HOME.

In divorce suit where it appears house and two vacant lots stood in husband's name, welfare of the children is protected by giving wife the right to occupy home until youngest of the three children should become 17 years of age or until further order of court and giving to her the furniture, reserving right to modify decree on petition of either party, clearing title to lots of her dower, and payment to wife of stated sum at termination of her occupancy, such provisions to stand in lieu of her dower in the homestead and vacant lots (3 Comp. Laws 1929, § 12766).

6. SAME—COSTS.

No costs are allowed upon entry of decree in Supreme Court in divorce suit at variance with decree entered in trial court on husband's appeal.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 5, 1945. (Docket No. 83, Calendar No. 42,799.) Decided December 3, 1945.

Bill by Genevieve Karwowski against Felix Karwowski for divorce for extreme cruelty. Cross bill by defendant against plaintiff for divorce for extreme cruelty. Decree for plaintiff. Defendant appeals. Modified and decree entered.

*Henry Karwowski,* for defendant.

CARR, J.   The parties to this case were married in July, 1930.   There are three children, now 14, 12 and 10 years of age.   Under date of July 21, 1941, plaintiff instituted suit for divorce in the circuit court of Wayne county, charging defendant with extreme and repeated cruelty.   To such bill the defendant filed his answer denying plaintiff's charges against him.   Defendant also filed a cross bill, alleging therein that plaintiff and cross defendant had been guilty of such misconduct against the marital relation as entitled cross plaintiff to relief by way of absolute divorce.   The case was submitted to the trial court on the pleadings and on the proofs offered by the respective parties.

The case was tried November 17, 1942, and on the 19th of March, following, a decree was entered.   By the terms of said decree plaintiff was granted an absolute divorce, with custody of the minor children. Defendant was required to pay for the support of said children the sum of $10 per week until the further order of the court.   He was also required to pay an attorney fee in the sum of $50.   Under the caption of "Property Settlement" the following provisions were inserted in the decree:

"It is further ordered, adjudged and decreed, that the said Felix Karwowski pay to the said Genevieve Karwowski the sum of $————, and that this provision made for the said Genevieve Karwowski herein, shall be in lieu of her dower in the lands of her husband, the said Felix Karwowski, except her dower in the house and lot known as 2695 Belmont avenue, Hamtramck, Michigan, and that he shall hereafter hold his remaining lands, other than the premises known as 2695 Belmont avenue, Hamtramck, Michigan, free, clear and discharged from any such dower right or claim, and said provision shall also be in full satisfaction of all claims that she

may have in any property which the said Felix Karwowski owns, or may hereafter own, or in which he has, or may hereafter have, any interest. Dower interest undetermined.

"It is further ordered, adjudged and decreed, that Felix Karwowski and Genevieve Karwowski be enjoined from selling, transferring, or encumbering in any manner whatsoever, the house and lot known as 2695 Belmont avenue, Hamtramck, Michigan, and more particularly described as:

"Lot number 95 Whitney subdivision, block 4, quarter section 39, T. T. A. T., liber 25, page 77; or the furniture therein, until the further order of this court, it being the intention of this court that this decree shall constitute a lien on the said property so as to preserve it as a home for the plaintiff and the minor children of the said marriage.

"It is further ordered, adjudged and decreed, that the defendant, Felix Karwowski, shall provide electricity, gas, heat, and water in proper quantities in the aforesaid house at 2695 Belmont avenue, Hamtramck, Michigan, and maintain said house and the furniture therein in good repair, and pay all taxes assessed and becoming due on said premises."

Defendant has appealed, asking that appellee's bill of complaint be dismissed and that a decree of divorce enter on the cross bill. In the alternative it is insisted if affirmative relief is denied to defendant and cross plaintiff, that a decree should enter dismissing both bill of complaint and the cross bill on the theory that, under the record as made, neither party is entitled to relief. Appellant further asks, in the event a divorce is granted to either party, that appellee's dower interest in the property referred to in the provisions of the decree above quoted shall be determined.

In her bill of complaint plaintiff charges that defendant was repeatedly guilty of personal violence

towards her; that he used improper language in the home; that he interfered with her management of and control over the children; that he made threats of personal injury; and that he was penurious in providing for the support of the family. On the trial proof was offered in support of such charges. Plaintiff testified at some length and was corroborated as to certain details by her witness. In the main defendant denied that he had been guilty of extreme and repeated cruelty towards plaintiff, insisting that the domestic difficulties of the parties were largely brought about by plaintiff's conduct. In his cross bill he alleges neglect of the home on her part and particularly failure to properly care for the children. It is his position, apparently, that full responsibility for such care rested on the plaintiff. The defendant further charges that on one occasion plaintiff became angry, broke a window in the home and did some damage to defendant's automobile. Based on such alleged conduct defendant and cross plaintiff predicates claim of right to affirmative relief.

After listening to the parties and their witnesses the trial court came to the conclusion that plaintiff was entitled to the relief sought by her. Upon the record as made we are impressed that such determination was correct. A detailed discussion of the testimony would serve no useful purpose. Plaintiff is entitled to a decree of divorce and to the custody of the children.

This brings us to a consideration of the question as to the proper adjustment of the property interests of the parties. The title to the home at 2695 Belmont avenue, Hamtramck, is in defendant. The testimony of a real estate broker fixes the value of this property at $4,500. Defendant also, at the time of the trial, owned two vacant lots assessed at $720. The

parties had at that time certain household furniture which, presumably, is still in the home. There are no other items of property of substantial value.

It was obviously the intention of the trial judge that the home should be maintained for the benefit of the plaintiff and the children. The provision in the decree, above quoted, enjoining the parties from disposing of the home and the furniture therein until the further order of the court specifically indicates such intention. While no express mention was made in the decree with reference to a reservation of the question as to the ultimate disposition of the home and furniture it is fair to assume that such result was in contemplation in the phrasing of the decree. The failure to fix the value of the dower interest of the plaintiff in defendant's real estate is scarcely explainable on any other basis.

Section 12766, 3 Comp. Laws 1929 (Stat. Ann. § 25.131), specifically requires that:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest."

Under this provision of the statute the determination of dower interest, if such interest is proper to be allowed, must be made in and by the final decree. Such decree must likewise determine the property interests of divorced parties. Any attempted reservation of such questions for future determination renders the decree interlocutory in part. Under the statutes of the State governing divorce proceedings this is not permissible. See *Ritzer* v. *Ritzer,* 243

Mich. 406, and cases there cited. *Braffett* v. *Braffett,* 308 Mich. 506.

Since the case is here for hearing *de novo* on the record as made in the circuit court we think that the property matters referred to should be definitely and finally settled by the decree. With the desire of the trial judge to protect the welfare of the children we are in full accord. This can be accomplished, however, by giving to the plaintiff the right to the occupancy and use of the home until the youngest child reaches the age of 17 years, or until the further order of the court in the premises and, likewise, giving to her the furniture. The decree will give to the parties, or either of them, the right to petition the trial court for a modification of this provision at any time, to the end that changing conditions may not result in any undue hardship. The decree will further provide that the vacant lots referred to shall be free and clear of any claim on behalf of plaintiff; and that at the termination of the period of use and occupancy of the homestead located at 2695 Belmont avenue, Hamtramck, above referred to, defendant shall pay to plaintiff, by way of property settlement, the sum of $1,500. Said provisions for use, occupancy and property settlement, will stand in lieu of plaintiff's dower interest in the homestead and in the vacant lots.

Decree will enter in this court in accordance with the foregoing and the cause will thereupon be remanded to the circuit court for enforcement of said decree. No costs are allowed.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.