CASCIOLA v. CASCIOLA.

1. DIVORCE—DIVISION OF PROPERTY.
   What constitutes a fair division of property interests of parties
   to suit for divorce depends upon the particular facts involved.

2. SAME—DIVISION OF PROPERTY—EQUITY.
   The division of property of parties to suit for divorce must be
   equitable.

3. SAME—DIVISION OF PROPERTY FINAL, NOT INTERLOCUTORY.
   The provision of a decree for divorce respecting the division of
   property must be final rather than interlocutory.

4. SAME—ALIMONY—MODIFICATION OF DECREE.
   An award of alimony is subject to modification in the future
   as changing circumstances may require.

5. SAME—DIVISION OF PROPERTY—JOINT TENANCY CHANGED TO
   TENANCY IN COMMON.
   Where vendee interest of property then being purchased by
   parties to divorce was continued as a joint tenancy and decree
   gave wife permanent possession and required her to maintain
   mortgage, tax and insurance payments and in the event she
   failed to do so provided that husband could apply for modifi-
   cation of decree, such decree is modified to provide for
   tenancy in common and occupancy rights by wife for one
   year after entry of modified decree in Supreme Court.

6. SAME—DIVISION OF PROPERTY—MODIFICATION OF DECREE—COSTS.
   Where provision as to division of property is modified in favor
   of husband no costs are allowed.

Appeal from Wayne; Callender (Sherman D.), J.
Submitted January 9, 1947. (Docket No. 41, Calen-
dar No. 43,552.) Decided April 17, 1947.

Bill by Ceasar Casciola against Genevieve Cas-
ciola for divorce on ground of extreme and repeated

cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Modified and affirmed.

*William Kaufman* and *Samuel W. Barr,* for plaintiff.

CARR, C. J. Plaintiff and defendant were married in 1910, and continued to live together as husband and wife until the early part of 1944, when plaintiff filed suit for divorce. The parties have five children, the youngest being past 19 years of age at the present time. In his bill of complaint plaintiff charged the defendant with extreme and repeated cruelty. Defendant filed a cross bill alleging that plaintiff and cross-defendant had been guilty of nonsupport, intoxication, and physical and verbal abuse.

Following the trial in circuit court a decree of divorce was granted to defendant and cross-plaintiff on grounds of extreme and repeated cruelty. Plaintiff and cross-defendant was ordered to pay $35 per month by way of permanent alimony for the duration of the life of defendant and cross-plaintiff, or until the further order of the court. Subsequent to the entering of the decree it was modified, on motion, so as to reduce the monthly payment by way of alimony to $22 per month, but with the provision that plaintiff and cross-defendant pay the further sum of $13 per month on the amount in default under the provisions of the original decree.

Several years prior to their separation the parties purchased, on land contract, a home in the city of Detroit. The contract price was fixed at $7,100 and, at the time of the trial, the balance remaining unpaid was between $4,100 and $4,200. They had also acquired some household furniture, which the decree

awarded to defendant and cross-plaintiff. It was further provided in said decree that the parties should hold their vendees' interest under the land contract in joint tenancy, with full rights of survivorship; that defendant and cross-plaintiff should have the sole and exclusive possession of the property, with the right to collect rents and profits therefrom; and that she should make payments under the land contract, as well as taxes, insurance, and other expenses incident to maintenance. The decree further required the consent of both parties to the sale of the property and provided that in the event of such sale the proceeds should be equally divided. Apparently for the purpose of protecting the rights of plaintiff and cross-defendant the following provision was made:

"It is further ordered, adjudged and decreed that in the event that the said Genevieve Casciola fails to maintain the said mortgage, taxes and insurance payments, and shall be in default for a period of 60 days or more, that the said Ceaser Casciola may then make application to this court for a modification of this decree."

Plaintiff has appealed, claiming that the provision of the decree with reference to the home is inequitable, in that the only interest given to plaintiff and cross-defendant is contingent on his surviving Mrs. Casciola. What constitutes a fair division of property interests in a case of this nature depends on the particular facts involved, the general rule being that such division must be equitable. *Allen v. Allen*, 196 Mich. 292; *Mayer v. Mayer*, 266 Mich. 241; *Robinson v. Robinson*, 275 Mich. 420. In inserting in the decree the clause above quoted the trial court obviously had in mind a possible failure on the part of Mrs. Casciola to protect the interest of the

parties in and to the property. In such event plaintiff and cross-defendant was intended to have the right to ask for a modification of the provisions of the decree with reference to his interest in the home. However, such provision disregards the general rule that a decree of divorce should be final, rather than interlocutory, with respect to the division of property. *Ritzer* v. *Ritzer,* 243 Mich. 406; *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505; *Karwowski* v. *Karwowski,* 313 Mich. 167. A final disposition of the interests of the parties in the manner prescribed in the decree of the trial court may quite conceivably lead to a practical situation under which plaintiff and cross-defendant may be deprived of any rights whatever, contingent or otherwise, in the property. This, of course, bears on the question at issue, the fairness of the disposition of the interests of the parties as made by the decree.

The proofs disclose that for many years past plaintiff and cross-defendant has worked hard at manual labor; that he was at the time of the trial, and for some period prior thereto, in poor health; and that, being nearly 60 years of age at the present time, his earning ability in the future, at the kind of labor in which he has engaged in the past, will be limited. It further appears that the initial payment on the property, in the sum of $1,300, was made with money that plaintiff and cross-defendant received for the loss of an eye in an industrial accident. It is in evidence, also, that plaintiff is approximately three years older than Mrs. Casciola. Under the facts disclosed by all the proofs, there is much force in the claim of appellant that his contingent interest may not benefit him in any way. As before noted, the court awarded alimony to Mrs. Casciola and appellant raises no question with reference to such allowance. It is, of course, subject to

modification in the future as changing circumstances may require.

'Based on a careful consideration of the evidence before us, on which we must necessarily base our determination of the case, we think that the decree of the trial court should be modified in such manner as to leave the parties tenants in common of the vendees' interest under the land contract for the purchase of the home. The property was acquired through their mutual efforts, and the ends of justice will be properly served by giving to each an undivided one-half interest.

On behalf of appellant it is insisted that the trial court was without power to provide in the decree for a joint tenancy in the property. In view of the conclusions reached with reference to the equities of the situation, it becomes unnecessary to consider whether, under proper facts, a decree of divorce may provide that an interest in realty, previously held by the spouses jointly or as tenants by the entireties, shall be held in joint tenancy.

A decree will enter in this Court in conformity herewith, modifying the decree of the trial court with reference to the property interests of the parties, and otherwise affirming it. Such decree will give to defendant and cross-plaintiff the exclusive right to occupy said premises and to collect the rents and profits therefrom, for a period of one year from and after the entry of the decree in this Court. In view of the nature of the case, and the disposition of the main question at issue, no costs are allowed.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.