CHRISTOFFERSON *v.* CHRISTOFFERSON.

1. DIVORCE—CUSTODY OF CHILDREN—VISITATION—SUPPORT OF CHILDREN.

Divorced father was properly given rights of visitation of children 6, 9, and 12 years of age at time of hearing, where decree awarded their custody to the mother and required him to pay $50 monthly each until the age of 18 is reached.

2. SAME—DIVISION OF PROPERTY.

No definite rule exists for the division of property interests by decree of divorce, and while such division is not required to be equal, it may not be inequitable.

3. SAME—REVIEW BY THE SUPREME COURT.

A suit for divorce is heard by the Supreme Court *de novo* on the record before it.

4. SAME—TENANCY BY ENTIRETIES—DIVISION OF PROPERTY.

The dissolution of the marriage relation necessitates a change in the title of property held by the husband and wife as tenants by the entireties.

5. SAME—DIVISION OF PROPERTY—OCCUPANCY—VISITATION.

Decree awarding plaintiff wife a divorce, custody of children 6, 9, and 12 years old, $50 per month alimony and a like sum for support of each child until 18, and home of the parties is modified to provide that a tenancy in common be created with right of occupancy in wife, reserving right to make such further order if wife abandons occupancy of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 17A Am Jur, Divorce and Separation § 829.
[2] 17A Am Jur, Divorce and Separation § 924.
[3] 3 Am Jur, Appeal and Error § 815.
[4] 26 Am Jur, Husband and Wife § 117.
  Divorce as affecting estate by entireties.  52 ALR 890; 59 ALR 718.
[5] 17A Am Jur, Divorce and Separation § 929.
[6] 14 Am Jur, Costs § 98.

home, where evidence shows she intended to sell the home if it were awarded her and move away from the State, obviously interfering with rights of visitation granted husband.

6. SAME—COSTS—MODIFICATION OF DECREE—DIVISION OF PROPERTY. No costs are allowed husband on appeal in suit for divorce, although he obtains a modification of the decree with respect to the division of the property.

Appeal from Iron; Brown (Ernest W.), J. Submitted April 6, 1961. (Docket No. 32, Calendar No. 48,882.) Decided June 29, 1961.

Bill by Angeline T. Christofferson against Russell P. Christofferson for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals as to division of property. Modified and remanded.

*Santini & Jacobs,* for plaintiff.

*Doyle & Doyle,* for defendant.

CARR, J. The parties to this divorce suit were married on October 5, 1946. They lived together in Stambaugh, Iron county, Michigan, until June 13, 1959, on which date they separated. Shortly thereafter plaintiff filed her bill of complaint charging defendant with extreme and repeated cruelty and asking that a decree enter granting her a limited divorce from bed and board. Counsel for defendant entered an appearance in his behalf but no answer to the bill of complaint was filed.

On the hearing of the cause plaintiff offered proofs in support of the charges made by her in the bill of complaint and also with reference to the property interests of the parties. Defendant was called for cross examination by her counsel and in effect admitted the more serious charges made against him. At the time the proofs were taken on June 9, 1960,

plaintiff was 38 years of age and defendant was 35. So far as the record before us discloses, each was in good health. During the marriage plaintiff did not work outside the home, although previously she had been employed as a dental receptionist. She testified that except as the necessity of caring for the 3 children of the parties interfered she was capable of doing the work that she had performed prior to the marriage. The children at the time of hearing were in the custody of the plaintiff and were, respectively, 6, 9, and 12 years of age.

The trial judge entered a decree granting plaintiff an absolute divorce and giving to her the custody of the 3 children until they respectively reached the age of 18 years, or until the further order of the court. Defendant was given the right of reasonable visitation at all times, subject to the limitation that such right should not interfere with the health, welfare, or education of such children. Defendant was ordered to pay plaintiff by way of alimony the sum of $50 per month and also to pay a like amount for the support of each child until the age of 18 years was attained thereby. In addition to the monthly payments required to be made defendant was ordered to carry adequate medical and hospitalization insurance for the 3 children, to continue to pay the premiums on life insurance policies thereof, and to continue in force the insurance on his own life for the benefit of the minor children.

No complaint is made on behalf of defendant and appellant with reference to the above mentioned provisions of the decree. It is, however, insisted that the property division as made by the trial court was inequitable. The home of the parties in the village of Stambaugh, owned by them as tenants by the entirety, was given to the wife together with the household furnishings and furniture therein. The testimony indicates that the value of the home

was approximately $8,500, and that the personal property therein was of a value between $2,000 and $3,000. Plaintiff was also given the joint bank account of the parties in the sum of approximately $650. Defendant, who was engaged in an automobile repair business in which he earned an annual net income between $3,800 and $3,900, was awarded a 1957 Oldsmobile, a 1947 Ford truck and other business property used in connection with the business, a certificate in the Investor's Syndicate of America, Inc., a boat, and his personal belongings in his possession at the time of the entering of the decree. The exact value at time of trial of the certificate referred to is not shown. Apparently it was purchased on an installment basis from the earnings of defendant. The proofs indicate that the sum of $190.50 had been so paid annually for approximately 9 years.

On behalf of appellant it is insisted that since the home had been paid for by the earnings of defendant it should have been awarded to him, perhaps with a right of occupancy by plaintiff and the children until the youngest reached the age of 18 years, thus insuring a home for them during the period of dependency of the youngest child. On behalf of appellee it is claimed that she had approximately $1,000 at the time of the marriage. Whether such amount was used for the expenses of the family, or otherwise, does not appear. It is not in dispute that the property acquired, including the home, was the result of defendant's labor. As above stated, he is required by the decree to pay $50 per month for the support of each of the 3 children until the age of 18 years is reached, or until the further order of the court, and a like amount by way of alimony for plaintiff. Such payments must come primarily from the results of his labor. In view of such payments he was properly given rights of visitation of the children.

Testifying in her own behalf on the trial plaintiff indicated that she had received an offer for the home of $8,500. She further testified as follows:

"*Q.* Mrs. Christofferson, are you contemplating moving to California or some locality other than this?

"*A.* I was thinking about it.

"*Q.* In fact now you have had an offer to sell the home, I think you said—what was it?—I think you said $8,500.

"*A.* Yes.   *   *   *

"*Q.* Let me see if I could aid you any this way, Mrs. Christofferson: If these people you have been negotiating with for the sale of the home would pay you $8,500 for it, and if the home should be awarded to you completely, then your purpose would be that very likely you would move—where is it?—to California or some place in the West?

"*A.* Yes, sir.   *   *   *

"*Q.* All right. Counsel asked you whether or not you immediately intended to move to California if you sold the house. Whether we play on the word 'immediately' now or a little later or something else, your plan, if the home is given to you, is to sell it and take the children and settle in California, is it not?

"*A.* Yes."

It thus appears from the testimony of plaintiff that, if she becomes sole owner of the home, she does not intend to continue to use it as such for herself and the children. The contemplated removal to the State of California would obviously interfere with the rights of visitation of the children as granted to defendant by the decree of the trial court. Conceivably plaintiff may alter her plans and conclude to remain in Stambaugh. The factual situation is somewhat uncertain and unusual. The question is presented whether, considering all aspects of the

case, the property division as made by the trial court was fair and equitable.

On behalf of appellant it is argued that the plan should be followed that was found to be equitable under the facts in *Karwowski* v. *Karwowski,* 313 Mich 167. The proposition is well-settled that each case of this nature must be determined in the light of the facts as disclosed by the proofs. No definite rule exists for the division of property interests by decree of divorce. Such division is not required to be equal, but it may not be inequitable. *Pusylo* v. *Pusylo,* 279 Mich 623; *Cartwright* v. *Cartwright,* 341 Mich 68; *Cosher* v. *Cosher,* 356 Mich 567. We are not confronted here with any dispute as to the facts, either with respect to the conduct of the parties to the case or the acquisition of their property interests. There is no problem, in consequence, with respect to the credibility of witnesses appearing before the trial court. The case being heard here *de novo* on the record before us, it becomes our duty to dispose of the controversy in accordance with the recognized principles applicable to a case of this nature.

Title to the property in dispute, the home of the parties, was taken in the names of both. Such fact indicates the intention at that time that plaintiff and defendant should own it together. The dissolution of the marital relation necessitates a change in the title. Under the facts as above set forth we think that the decree entered should create a tenancy in common, each party having an undivided 1/2 interest. To the end that the rights of the children to a home may be safeguarded, the modified decree to be entered will give to plaintiff the right of occupancy of the property as a home for herself and the children until the youngest reaches the age of 18, subject to the condition that during such period of occupancy plaintiff shall keep the premises in reasonable re-

pair and shall pay the taxes thereon as they fall due. The decree to be entered will reserve the right in the circuit court to modify it with reference to such right of occupancy if the condition specified is not observed. The further authority will be reserved to said court, in the event that plaintiff abandons her occupancy of the property as her home and that of her children, to make such further order with reference to the sale of the property and the division of the assets between the parties as may be deemed expedient under the situation existing at the time.

The case is remanded to the trial court for entering of a modified decree in accordance herewith and for the execution of the provisions thereof. No costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.