BAIRD v. BAIRD.

1. APPEAL AND ERROR—ATTORNEY AND CLIENT.

Defendant who dismissed his counsel and elected to proceed without counsel was properly held to the same standard in the presentation of his case as would be required of a member of the bar, where he was not without means and was warned by the trial court that he should procure counsel, hence, errors and omissions in presentation by defendant cannot now be made the basis of an appeal to the Supreme Court even though now represented by counsel.

2. EVIDENCE—JUDICIAL NOTICE—INCREASE OF COST OF LIVING.

The trial court properly took judicial notice of the fact that the cost of living had increased since decree of divorce awarding support for 3 minor children had been entered in 1954.

3. DIVORCE—SUPPORT OF CHILDREN.

Amount of support for 3 minor children of divorced parties was properly increased from $250 per month to $350 per month in view of testimony introduced and the taking of judicial notice of the increase of the cost of living since decree had been entered in 1954.

4. SAME—SUPPORT OF CHILDREN.

Payment of support for children of divorced parents should be determined by need in the light of ability to pay.

5. SAME—INCREASE OF SUPPORT FOR CHILDREN—DECLINE IN BUSINESS INCOME—EVIDENCE.

Increase of support payments for 3 minor children from total of $250 to $350 per month held, not error by reason of alleged

REFERENCES FOR POINTS IN HEADNOTES

[2] 20 Am Jur, Evidence §§ 18, 65, 120.
[3] 17A Am Jur, Divorce and Separation § 862.
[4, 5] 17A Am Jur, Divorce and Separation § 854.
[6] 17A Am Jur, Divorce and Separation § 851 et seq.
[8] 17 Am Jur, Divorce and Separation § 636.
[9, 10] 17 Am Jur, Divorce and Separation §§ 644, 645.

decline in defendant husband's business income, in view of other evidence introduced.

6. SAME—SUPPORT OF CHILDREN—CREDITS.

The primary obligation to support children of divorced parties is that of the father, hence trial court did not abuse his discretion in declining to allow defendant to raise question as to collateral matter whether or not additional funds were presently available from grandfather's estate although permitting defendant to be credited with sums received by the children from the grandfather's estate.

7. SAME—BIAS.

Claim of bias on part of circuit judge in suit for divorce *held,* not to have been sustained, where it appears defendant ineptly handled his own case and provoked some exasperation on the part of the judge.

8. SAME—ATTORNEY FEE.

Trial judge's allowance of $500 attorney fee to plaintiff wife's attorney in connection with circuit court proceedings *held,* not unjustified under record including finding of trial judge that an extraordinary number of unnecessary papers had been filed.

9. SAME—COSTS ON APPEAL—DUPLICATION IN APPENDIX.

Costs on appeal from order modifying decree in suit for divorce, although awarded to appellee, are denied insofar as unnecessary duplication in appellee's appendix of printing of order dismissing defendant's petition for reduction in support money and directing defendant to increase payment of support money.

10. SAME—MODIFICATION OF DECREE—ATTORNEY FEE ON APPEAL.

Petition for additional attorney fees in connection with appeal from order denying defendant husband's petition for decrease in child support order and granting wife's petition for increase thereof is denied, where $500 had been allowed in circuit court in connection therewith and appellee wife's appendix on appeal contains matter duplicating in part the contents of appellant's appendix.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted August 7, 1962. (Docket No. 67, Calendar No. 47,637.) Decided December 7, 1962.

Bill by Joan Gayman Baird against Charles Baird resulted in decree of divorce. Subsequent petition

by plaintiff for increase in support money for children and petition by defendant for reduction. Order entered for plaintiff increasing support money and allowing attorney fees. Defendant appeals. Affirmed.

*Conlin, Conlin & Parker,* for plaintiff.

*James R. Beek,* for defendant.

Adams, J. This is an appeal from an order of the circuit judge dismissing defendant's counter petition for reduction of support money and granting plaintiff's petition for increased support. Divorce became final on September 16, 1954. The decree awarded custody of 3 children to plaintiff. Because the children were the beneficiaries of an indeterminate sum under the will of their paternal grandfather, support awarded in the amount of $250 per month was to be reduced by any payments of income they might receive as such beneficiaries. The decree specified:

"The court, however, expressly reserves jurisdiction over the subject matter and reserves the right to alter, revise, or modify this decree when the amount of the income and the time of the beginning of the payments thereof from said trusts can be determined with reasonable certainty."

At the hearing on the modification petitions defendant appeared in person and attempted to conduct the hearing in his own behalf. He was warned by the circuit judge that he should have legal counsel. Defendant had previously had legal counsel but had dismissed his attorney. Defendant now appeals, represented by counsel, and assigns 10 questions, to which plaintiff makes reply and to which she added 2 counter-questions.

The basic questions are whether it was proper for the court to take judicial notice of the rise in living costs since entry of the decree; to take proof of increased need which was not specifically pleaded by the plaintiff; to examine into the financial condition of the defendant; to examine into the disposition of funds by the defendant as bearing upon his ability to make support payments; to increase support payments in the face of the testimony of the defendant that his income had been reduced from $25,000 a year to $5,000 a year; and to hear the case because of possible bias against the defendant. By separate motion, the plaintiff has asked that the defendant be ordered to pay plaintiff's attorney fees for this appeal.

This is not a case where, because of lack of means, the defendant was unable to secure legal counsel. Defendant dismissed his counsel and elected to appear in person. The court having warned him that he should secure counsel, properly held the defendant to the same standard in the presentation of his case as would be required of a member of the bar. Errors or omissions in presentation by defendant cannot now be made the basis of an appeal to this Court.

The issue of support was specifically reserved by the court in its decree. It was alleged in the plaintiff's petition for modification that there had been "such change of circumstances as to warrant an amendment to said decree requiring payments for the support of the said minors in the amount of $150 per month for each." The issue was clearly stated even if not with particularity. If defendant desired particulars before the hearing, request should have been made for the same.

Plaintiff's testimony was that since the decree there had been increased costs for groceries, clothing and miscellaneous expense as well as additional

school expenses. Plaintiff testified to an estimated increase of 20%. The court increased support to a total of $350 per month. The judge based his decision upon the testimony of plaintiff, and also properly took judicial notice of the fact that the cost of living had increased from the time of the decree.

Defendant based his defense on a claim that his income had decreased from $25,000 per year to approximately $5,000 per year. Income tax returns were produced for recent years in support of his contention. However, income tax returns were not produced for the years prior to the entry of the original decree to permit a careful analysis of the alleged change in defendant's circumstances, it being claimed the same were lost. While it appears that defendant's income from his business had declined, it also appears that he still had substantial income from dividends and other wealth. One of the factors relating to defendant's ability to pay considered by the chancellor was an itemized list of expenditures by defendant for the children from June 1, 1956, to June 1, 1957, which defendant himself produced. The chancellor's comment is as follows:

"The first item is $225 for ball team as 'per request.' Apparently, the defendant is very kind and liberal in helping the ball team in which his children are interested, and is very liberal in helping the park authorities of the city of Ann Arbor in gifts to the park authorities for park work—and this $225 item is apparently for a ball team as 'per request', it says. Then there is an item of $32 for bats and $28 for balls, $72 for malts—malts apparently at 30¢ each. It says '240 at 30¢ each.' Apparently, he buys malted milks for the boys on the ball team, or something of that nature. Then there is '$56.80 for hamburger meals—71 meals at 80¢.' And $145 for 145 meals at $1. $450 for 4,500 child miles at 10¢ a mile.' I am assuming that that is the use of his automobile to carry the children about. Then there is an item

of $200 for '18 dunnage boxes for the Boy Scouts and $325 for goal posts for Tappan.' I assume the reference is to Tappan school. Then '$56.70 copper 210 pounds for boys. $64 for 2 new motors and $5 for used motors, $30 lathe for Tappan, $30 for 6 pillow blocks. Then $139 for Jacqueline Industries jointer, and $600 for Jacqueline Industries that was unexplained. There was $600 for 60 tons of steel for schools, $5 for pies for park, and $20 for 2,000 board feet of wood for schools, $150 shopping with the children, and $100 cash, $100 grinding for children, $28 shrines for children—$75 for truck for high school, $30 for 3 tons of die casts for schools, $40 for 2,300 bird house and feeders'—and other items.

"Now, that indicates a very liberal spirit on the part of Mr. Baird—for which the court considers Mr. Baird should be congratulated in his interest in the children and in the children who are associated with and play with his children—the Boy Scouts and Girl Scouts and boys and girls. It is a very fine attitude, and the court acknowledges the same on this record. The court also recalls, as heretofore indicated, that Mr. Baird had said that he paid almost $50 a week himself, in addition to the $250 per month as required by the decree—and this list, itemizing the almost $50 per week, totals $3,800, which is much more than $50 per week." .

Payment of support should be determined by need in the light of ability to pay. *Herpolsheimer* v. *Herpolsheimer,* 318 Mich 200; *Dillon* v. *Dillon,* 318 Mich 686.

From the facts before us, particularly the liberality of the defendant, as above set forth, we are unable to say that the court erred in increasing the support payments, even though the business income of the defendant had declined.

. The primary obligation to support is that of the father. The defendant was allowed, as a credit against the support required from him, certain sums of money to be received by his children from the

estate of the paternal grandfather. To the extent
that the defendant has not been required to meet his
obligation because of the proceeds from the paternal
grandfather's estate, he has benefited. It appears
that the estates have now been determined and con-
summated, though defendant insists that additional
funds are available. To allow the defendant to
raise the question as to whether or not additional
funds could be forthcoming from this source would
be to pursue collateral issues beyond the court's
power to try or adjudicate. The court did not abuse
its discretion in refusing to become involved in
questions of administration and disposition of the
proceeds of the Tucson estate of the paternal grand-
father.

As to the question of bias of the circuit judge, de-
fendant's inept attempt to handle his own case pro-
voked some exasperation on the part of the court,
but we are unable to say that any reasonable person
would not have been exasperated under the same cir-
cumstances. The trial judge exercised admirable
restraint. While the issue was properly raised by
defense counsel, we do not find any bias on the part
of the circuit judge.

The trial judge allowed an attorney fee of $500 to
the plaintiff in connection with the circuit court
proceedings. It was the finding of the trial judge
that an extraordinary number of unnecessary papers
were filed. On the record before us, we are not pre-
sented with any adequate reason to alter such award.

As to the request for attorney fees in connection
with this appeal, the record which has been presented
to us is less than satisfactory. Appellant's appendix
contains (1) decree for divorce; (2) plaintiff's peti-
tion for amendment of decree; (3) defendant's
answer to petition for amendment of decree; (4)
petition of defendant for amendment of decree; (5)
plaintiff's replication to defendant's answer; (6) de-

fendant's answer to replication; (7) plaintiff's answer to defendant's petition; (8) defendant's answer to plaintiff's answer to petition; (9) opinion; and (10) an exceedingly abbreviated and truncated presentation of the actual hearing, which we are informed took 2 days. The matters covering said 2-day period—a colloquy between the court and the defendant, brief excerpts from the testimony of Charles Baird, defendant, and Joan Gayman Baird, plaintiff, —total only 27 pages. Appellee's appendix sets before us once again all of the pleadings hereinabove enumerated—a completely needless duplication.

The order dismissing defendant's petition for reduction in support money and directing defendant to increase payment of support money is printed in both the supplemental brief and appendix for appellant and in the supplemental brief and appendix for appellee. Such duplication is neither helpful to the Court nor a proper basis for the award of costs. While we do award costs to the appellee, to the extent that appellee is responsible for such duplications the costs shall be reduced. The petition for additional attorney fees in connection with this appeal is denied.

The order of the circuit judge, dismissing defendant's petition for reduction of support money and directing defendant to pay increased support money, is affirmed. Request for additional attorney fees on this appeal is denied. Costs, except as hereinabove noted, to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.