VACLAV v VACLAV

Docket No. 78-4419. Submitted October 10, 1979, at Detroit.—Decided
February 8, 1980. Leave to appeal applied for.

Defendant, Karen A. Vaclav, and plaintiff, Robert G. Vaclav,
were married in Texas in 1963. They had two children born of
the marriage. In 1975, they purchased a house in Trenton,
Michigan, on land contract. The present market value of that
house is approximately $100,000. Plaintiff sued defendant for
divorce in the Wayne Circuit Court. At trial, defendant testi-
fied: that she dropped out of college and worked as a billing
clerk for three years prior to the birth of their first child while
plaintiff attended medical school; that defendant's father sent
them $100 per week for support, totalling approximately $15,-
000; that plaintiff also worked part time through school; that
plaintiff did not allow defendant to work after the birth of their
first child; that plaintiff moved out of the marital home in
December of 1976; and that the divorce was precipitated by
plaintiff's long hours, neglect of his family and, after 1975, his
affairs with other women. The trial court, John H. Housner, J.,
found that plaintiff was not engaged in extramarital affairs and
was not guilty of illicit or improper behavior. It awarded
custody of the children to defendant and, based on a 1977
taxable income of $111,000 and a taxable income for the first
five months of 1978 of $90,000, awarded $100 per week per
child in child support. He ordered the home sold and awarded
60% of the proceeds to defendant and allowed defendant to
remain in the home pending appeal at a monthly rent of $265.

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parent and Child §§ 50, 56.

Adequacy of amount of money awarded as child support. 1 ALR3d
324.

Excessiveness of amount of money awarded as child support. 1
ALR3d 382.

[2, 4] 5 Am Jur 2d, Appeal and Error § 868.

24 Am Jur 2d, Divorce and Separation § 662.

[3, 5] 24 Am Jur 2d, Divorce and Separation § 630 *et seq.*

[6] 24 Am Jur 2d, Divorce and Separation § 573.

The court also awarded defendant $15,000 in alimony, to be paid over a three-year period, and $4,000 in attorney fees. Defendant appeals. *Held:*

1. The amount of child support a parent should pay should be determined in light of the parent's ability to pay, and, in making a determination, a court may rightfully consider the parent's income and his unexercised or future ability to earn. A trial court's determination of the amount of child support is presumed to be correct and will only be overturned where an abuse of discretion has occurred, that is, where the reviewing court is convinced that it would have reached a different result had it been in the lower court's position. The Court of Appeals is convinced that it would have decided differently and modifies the child support to $150 per week per child. It also orders plaintiff to maintain one policy of insurance on his life in the amount of $50,000 for the benefit of the minor children until the youngest reaches the age of majority.

2. A determination as to alimony necessitates consideration of: (1) the duration of the marriage; (2) contributions of the parties to the joint estate [sources of property]; (3) age; (4) health; (5) station in life; (6) necessities and circumstances; and (7) earning ability of the parties. Consideration should be given to such factors as the disparate earning capacity of the parties, each party's relative responsibility in causing the marital breakdown and the needs of the minor children in deciding on a division of property. The Court of Appeals reviews divorce cases *de novo* but it will not revise or modify alimony awards and property settlements unless it is convinced that it would have reached a different result had it occupied the position of the trial court. The Court of Appeals is convinced that it would have reached a different result and modifies the alimony award to $15,000 per year until defendant remarries or dies, payable in equal monthly installments to the Friend of the Court. It also modifies the award to provide that the defendant may continue to reside in the marital home, rent free, until defendant remarries, elects to sell or the youngest child reaches 18. Plaintiff is ordered to make the land contract, tax and insurance payments on the property in the interim. When the house is sold, defendant shall receive 60% of the proceeds.

3. The award of attorney fees in a divorce action is within the discretion of the trial court to enable a party to carry on or defend the lawsuit and the award of attorney fees to defendant was not an abuse of discretion.

Reversed and judgment modified.

1. Parent and Child — Support of Children — Ability to Pay — Future Earning Ability.

The amount of child support a parent should pay should be determined in light of the parent's ability to pay, and, in making a determination, a court may rightfully consider the parent's income and his unexercised or future ability to earn.

2. Parent and Child — Support of Children — Appeal.

A trial court's determination of the amount of child support is presumed to be correct and will only be overturned where an abuse of discretion has occurred, that is, where the reviewing court is convinced that it would have reached a different result had it been in the lower court's position.

3. Divorce — Alimony — Property Settlement — Considerations.

A determination as to alimony necessitates consideration of: (1) the duration of the marriage; (2) contributions of the parties to the joint estate (sources of property); (3) age; (4) health; (5) station in life; (6) necessities and circumstances; and (7) earning ability of the parties.

4. Appeal — Divorce — Alimony — Property Settlements — De Novo Review.

The Court of Appeals reviews divorce cases de novo but it will not revise or modify alimony awards and property settlements unless it is convinced that it would have reached a different result had it occupied the position of the trial court.

5. Divorce — Division of Marital Assets — Factors to Consider.

Consideration should be given in a divorce action to such factors as the disparate earning capacity of the parties, each party's relative responsibility in causing the marital breakdown and the needs of the minor children in deciding on a division of property.

6. Divorce — Attorney Fees.

The award of attorney fees in a divorce action is within the discretion of the trial court to enable a party to carry on or defend the lawsuit.

*Leonard Lemberg, P.C.,* for plaintiff.

*Craig, Fried & Heidt,* for defendant.

Before: J. H. Gillis, P.J., and V. J. Brennan and MacKenzie, JJ.

V. J. BRENNAN, J. This appeal by the defendant wife arises from a judgment of divorce. A hearing was held in the Wayne County Circuit Court on September 11 and 12, 1978. The trial court announced its findings of fact orally on October 10, 1978. A written judgment of divorce was filed on October 13, 1978.

Defendant, Karen Vaclav, and plaintiff, Robert Vaclav, aged 34 and 35 respectively, were married in Amarillo, Texas on August 17, 1963. Two children were born of the marriage, David, age 12, and Vicky, age 9. Plaintiff is now a medical doctor. The marital home in Trenton, Michigan, was purchased in 1975 for $68,000 under a land contract and has a current market value of approximately $100,000.

Defendant testified that she dropped out of college and worked as a billing clerk for three years prior to the birth of her first child while plaintiff attended medical school. After her husband entered medical school, defendant's father sent them $100 per week for support, totaling approximately $15,000. Plaintiff also worked part time. Plaintiff did not allow defendant to work after their children were born. Defendant stated that the divorce was precipitated by her husband's long hours and neglect of his family and, after 1975, his affairs with other women. Plaintiff moved out of the marital home in December of 1976.

The trial court found that although plaintiff spent long hours away from home he was not engaged in any extramarital affairs, nor was he guilty of any illicit or improper behavior.

Plaintiff's taxable income for 1977, as reflected by his tax return, was $111,000. Also, in the first five months of 1978 he reported over $90,000 income. Defendant requested $150 per week for

each of the two children for child support but was awarded $100 per week per child. She was awarded 60% of the proceeds from the sale of the marital home but was ordered to pay $265 per month rent during the pendency of this appeal. Defendant was also awarded alimony in gross of $15,000, payable over a three-year period in equal, semi-annual payments, as well as $4,000 in attorney fees.

Defendant appeals the judgment of divorce alleging that, in view of the financial circumstances of the father, the trial court did not provide an adequate amount of child support. Defendant further contends that the property settlement mandated by the trial court was not fair and equitable, nor was the award of alimony sufficient to support and maintain her.

Child support payments are intended for the benefit of the child. *Gallagher v Dep't of Social Services,* 24 Mich App 558, 565; 180 NW2d 477 (1970). The amount of child support should be determined by need in light of ability to pay. *Baird v Baird,* 368 Mich 536, 541; 118 NW2d 427 (1962). The father's income is one of the factors to which the court must look in deciding the amount of support, but a father's duty is not limited by his present income; the court may also look to the father's unexercised or future ability to earn. *Moncada v Moncada,* 81 Mich App 26, 30; 264 NW2d 104 (1978).

Dr. Vaclav's taxable income for 1977 was $111,-000. He argued that his family had lived for many years on a far lower income, closer to $15,000 per year. However, it is the present or potential income, which should determine the amount of child support. The children are not restricted to their past standard of living. Rather, it is the father's

current economic status along with his income potential which are the determining factors. *Travis v Travis,* 19 Mich App 128, 130; 172 NW2d 491 (1969). *Moncada, supra.* Plaintiff's records for the first five months of 1978 show earnings of over $90,000.

The record reflects that defendant interrupted her education and has been outside the labor force for about 12 years.

The trial court's determination of the amount of child support is presumed to be correct by a reviewing court. The appellant bears the burden of showing that determination to be clearly erroneous. *Moncada, supra,* 29-30. The reviewing court will reverse the trial court's determination if there was an abuse of discretion. A trial court will be found to have abused its discretion if the reviewing court is convinced that it would have reached a different result had it been in the lower court's position. *Cullimore v Laureto,* 66 Mich App 463, 465; 239 NW2d 409 (1976).

The following changes in the trial court's judgment are made because we find there was an abuse of discretion therein.

This Court is convinced that it would have reached a different result had it been in the lower court's position. The trial court awarded $100 per child per week in child support; we would have awarded more. Therefore, the judgment of divorce shall be changed in the following manner as to support of the minor children: the plaintiff shall pay to defendant, through the office of the Wayne County Friend of the Court, for the support, care, and maintenance of the minor children, $150 per week per child until each child reaches the age of 18 or until further order of the trial court. GCR 1963, 820.1(7). Said payment is to be effective

immediately. The remaining provisions in the support section shall remain in force.

We further believe that the trial judge's disposition of the insurance policies was both inequitable and an abuse of discretion. Plaintiff was allowed to retain four life insurance policies; three on his own life having a total face value of $160,000 and a term policy on defendant's life with a face value of $100,000. Defendant owns no insurance policies on plaintiff's life. We recognize that the expense of rearing the two minor children continues whether or not plaintiff is alive.[1] Accordingly, that portion of the judgment awarding plaintiff the named insurance policies is hereby modified. Plaintiff is to designate the two minor children as beneficiaries, with defendant named as their trustee, of an insurance policy on his life with a face value of $50,000. Plaintiff is to maintain said policy and pay all premiums thereon until the youngest child reaches the age of 18. GCR 1963, 820.1(7). See *Smith v John Hancock Mutual Life Ins Co,* 65 Mich App 193; 237 NW2d 244 (1975).

We now address the fairness of the award of alimony in gross.

The court's power to award alimony is statutory, MCL 552.23; MSA 25.103. In determining the amount of alimony to be awarded a court must consider: (1) duration of the marriage; (2) contributions of the parties to the joint estate [sources of property]; (3) age; (4) health; (5) station in life; (6) necessities and circumstances; and (7) earning ability of the parties. *Holbern v Holbern,* 91 Mich App 566; 283 NW2d 800 (1979).

---

[1] In the event plaintiff dies, his children might have a claim against his estate. We are not unmindful, however, that it might take many months or even years before plaintiff's affairs would be settled. In the interim the entire financial burden of support would fall upon defendant. As we have already indicated, this would be a financial burden which she would be ill-equipped to bear.

The matter of alimony is within the trial court's discretion and even though this Court hears appeals in divorce cases *de novo,* we will not modify alimony awards unless we are convinced that we would have reached a different result had we occupied the position of the trial court. *Henshaw v Henshaw,* 83 Mich App 68, 71; 268 NW2d 289 (1978).

In the present case the marriage has endured for over 15 years and there are two minor children. The wife assisted her husband in acquiring his medical training, financially and otherwise. It is true that the husband contributed the money that was used to purchase the marital home, but he was awarded the only income producing property—his medical practice. The wife never acquired meaningful education or skills and has been out of the job market for more than 12 years. The husband is currently in private practice with an exceedingly high income potential.

The trial court determined that an award of $15,000 alimony in gross payable over three years was fair. This Court must conclude that, under the circumstances, the amount awarded to the wife in alimony was so low as to constitute an abuse of discretion. That section of the judgment of divorce is hereby stricken.

We feel that a more equitable award of alimony would be, and we hereby award defendant, $15,000 annually as permanent alimony to be paid until defendant remarries or dies. GCR 1963, 820.1(7). This shall be paid in equal monthly payments to the office of the Wayne County Friend of the Court.

The above analysis of the alimony award is also applicable to a review of the property settlement and we likewise conclude that the property settle-

ment, as determined by the trial court, was insufficient to support and maintain defendant.

In *Moss v Moss,* 80 Mich App 693, 695; 264 NW2d 97 (1978), *lv den* 402 Mich 946 (1978), this Court recognized that the acquisition of a medical degree during the marriage is an asset which could be considered in a property settlement. The trial court in this case did not consider this asset in its determination of the property settlement, but this Court, had it been in the position of the trial court, would have. Defendant was awarded 60% of the proceeds from the sale of the marital home. However, the trial court also ordered the wife to pay $265 per month rental pending the resolution of this appeal. Meanwhile, plaintiff has purchased a $170,000 home for himself and his new wife.

Defendant is justifiably entitled to the greater share of the marital estate because of the disparate earning capacity of the parties, plaintiff's responsibility in helping to cause the marital breakdown and the needs of the couple's minor children. *Tigner v Tigner,* 90 Mich App 787, 790; 282 NW2d 481 (1979).

We believe that equity requires that the defendant be able to maintain a suitable home to properly raise their two children without worrying about being forced to sell or relocate. Therefore, this section of the judgment of divorce is hereby modified to provide that the defendant may continue to reside in the marital home and plaintiff shall continue paying the land contract, the taxes and the insurance on the property until the youngest child reaches 18 or defendant remarries or elects to sell, whichever comes first. GCR 1963, 820.1(7). At the time one of these conditions occurs, the marital home shall be sold and the

defendant shall receive 60% of the sale proceeds, with plaintiff receiving 40%. That portion of the trial court's judgment which ordered defendant to pay for the use and occupancy of the marital home is hereby stricken and any amounts paid under that order must be returned.

Plaintiff contends that the trial court erred in awarding defendant $4,000 in attorney fees.

We disagree. An award of attorney fees in a divorce action is within the trial court's discretion. MCL 552.13; MSA 25.93. Such fees are awarded in a divorce action, not as a matter of right, but only when necessary to enable a party to carry on or defend the suit. GCR 1963, 726.1. It will not be disturbed on appeal except upon a showing of a manifest abuse of discretion. *Tigner, supra,* 791. The circumstances of the present case indicate that the award of attorney fees was not an abuse of discretion.

The remaining portions of the judgment of divorce not discussed here shall remain in full force and effect.

Reversed as directed. The plaintiff shall pay the costs of this appeal.