FULTON v FULTON

Docket No. 77859. Submitted March 14, 1985, at Detroit.—Decided
    May 21, 1985.

    Plaintiff, Gene B. Fulton, was awarded a divorce from his wife,
        defendant Marie E. Fulton, Monroe Circuit Court, James J.
        Kelley, J. The divorce judgment incorporated a property settle-
        ment which was stipulated to by the parties, awarded defen-
        dant alimony of $300 per week and child support of $50 per
        week, and awarded defendant attorney fees. Plaintiff appealed,
        alleging that his teacher's pension should not have been consid-
        ered marital property, that the award of alimony was excessive,
        and that the trial court erred in awarding attorney fees to the
        defendant. *Held:*

        1. The statute which protects teachers' pensions from legal
        process does not prohibit a pension from being considered a
        marital asset. Further, the plaintiff had voluntarily entered
        into the settlement agreement and listed the pension as a
        marital asset.

        2. The award of $300 per week alimony was excessive in the
        light of all the circumstances of the parties. The judgment is
        modified to provide alimony of $166 per week for five years.

        3. The trial court erred in awarding attorney fees. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 905 *et seq.*
    60 Am Jur 2d, Pensions and Retirement Funds § 80.
    Pension or retirement benefits as subject to award or division by
        court in settlement of property rights between spouses. 94 ALR3d
        176.
[3] 24 Am Jur 2d, Divorce and Separation §§ 817-863.
[4] 24 Am Jur 2d, Divorce and Separation § 520 *et seq.*
    Excessiveness or adequacy of amount of money awarded as separate
        maintenance, alimony, or support for spouse without absolute
        divorce. 26 ALR4th 1190.
[5] 24 Am Jur 2d, Divorce and Separation § 589 *et seq.*
    Authority of divorce court to award prospective or anticipated
        attorneys' fees to enable parties to maintain or defend divorce
        suit. 22 ALR4th 407.

defendant was actually better able to pay her attorney fees than plaintiff.

Affirmed in part, modified, and reversed in part.

1. DIVORCE — APPEAL — *DE NOVO* REVIEW.

The Court of Appeals reviews divorce cases *de novo,* but will not reverse the trial court's property division or alimony award unless the trial court abused its discretion.

2. DIVORCE — MARITAL ASSETS — TEACHER'S PENSION.

A statute which protects a teacher's pension from legal process does not prohibit consideration of the pension as a marital asset for purposes of a property settlement agreement in a divorce action (MCL 38.1346[1]; MSA 15.893[156][1]).

3. DIVORCE — PROPERTY SETTLEMENTS.

A property division in a divorce need not be equal, but is to be determined in light of the parties' earning abilities, fault or past misconduct, and other equitable considerations.

4. DIVORCE — ALIMONY.

The ability of the parties to pay and the character and situation of the parties must be taken into account in awarding alimony.

5. DIVORCE — ATTORNEY FEES.

Attorney fees are not awarded in a divorce case as a matter of right but only if necessary to enable a party to carry on or defend the litigation.

*Golden & McClellan, P.C.* (by *Mark R. McClellan),* for plaintiff.

*Krawetz & Spiros, P.C.* (by *Michael J. Spiros),* for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the alimony provisions, the property settlement and the award of attorney fees entered pursuant to a judgment of divorce. Our review of divorce cases is *de novo*; however, we will not reverse

---

* Circuit judge, sitting on the Court of Appeals by assignment.

unless we find that the trial court abused its discretion. *Carlson v Carlson,* 139 Mich App 299; 362 NW2d 258 (1984).

The parties were married in 1960 and have two sons, Douglas, born in 1964, and David, born in 1966. Although defendant-wife fulfilled the role of homemaker for most of the marriage, she did work during the early years and then re-entered the work force in 1976. The marital difficulties came to the forefront when plaintiff admitted to having an affair in 1975. The trial court found that this affair had continued, without the wife's consent or knowledge, until he moved out of the marital home in 1981. Plaintiff now lives with that woman.

The parties stipulated to a property settlement with the areas of contention being a set of silverware and a certificate of deposit in the amount of $2,700. At trial, the court found that the silverware was a gift to defendant and awarded that to her and also awarded her the $2,700. The trial court accepted the property division agreed to, which gave plaintiff approximately $20,000 and defendant $75,000. The trial judge then awarded defendant permanent alimony of $300 per week and child support of $50 per week. Defendant was also awarded attorney fees of $1,600.

On appeal plaintiff now contends that the property division was in error as his pension should not have been considered a marital asset pursuant to MCL 38.1346(1); MSA 15.893(156)(1), which protects his teacher's pension from legal process. We cannot agree with this. Plaintiff entered into the property agreement voluntarily before going to court and he listed his pension as a marital asset. As plaintiff agreed to this and since other panels of this Court have held that the statute does not prohibit a teacher's pension from being considered

as a marital asset, we cannot say that the trial court abused its discretion. *Lindner v Lindner,* 137 Mich App 569; 358 NW2d 376 (1984). Nor has plaintiff alleged fraud, duress or mutual mistake in his attempt to have this Court set the property settlement aside. *Howard v Howard,* 134 Mich App 391; 352 NW2d 280 (1984). While this property division is not equal, it is acceptable in light of the parties' earning abilities, fault or past misconduct and other equitable considerations. *Parrish v Parrish,* 138 Mich App 546; 361 NW2d 366 (1984). Additionally, we find no error in the award of the silverware. Such decision was based on the credibility of the witnesses and, as such, is best left to the trier of fact. *Darwish v Darwish,* 100 Mich App 758, 775; 300 NW2d 399 (1980).

Plaintiff next argues that the award of alimony of $300 per week was excessive. We agree. The authority to award alimony is found at MCL 555.23; MSA 25.103:

"Sec. 23. (1) Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage as are committed to the care and custody of either party, the court may further award to either party the part of the real and personal estate of either party and alimony out of the estate real and personal, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case."

There is no doubt that defendant was awarded the bulk of the property. She claimed that her expenses were $410 per week and, as her earnings were only $194 per week net, a deficit of $216 per

week would accrue. As the trial judge believed that defendant's budget did not provide for vacations or luxuries, he awarded her $300 per week in alimony and $50 per week in child support. This award left the plaintiff with $169 per week to meet his expenses from a salary of $519 a week net. Plaintiff stated that his expenses were approximately $1,200 per month and, although he is now living with his girlfriend, he testified that she purchased her own food and that they shared a modest one-bedroom apartment. Even if his girlfriend does not contribute to the rent and a deduction is made for what her contribution should be, the trial judge has still left plaintiff unable to maintain even a modest standard of living.

While the intent of the trial judge was to leave defendant in the same financial position she would have been had the marriage continued, that result cannot always be reached nor must it be. The ability of the parties to pay and the character and situation of the parties must be taken into account. Defendant's expenses were based on her maintaining a four-bedroom home for herself and one minor child, who will soon reach the age of majority, and one adult son who attends college. We see no reason why she should be awarded the funding to maintain this residence indefinitely. Many couples sell their large homes when the last child moves out and move into smaller homes. Defendant has already been awarded the entire equity of the home, which is in excess of $50,000. She is free to sell the home at any time.

Even taking defendant's figures as accurate, there is only a $216 per week deficit. We note that the adult son resides in the home rent and board free. Obviously, neither party is legally obligated to support an adult child and if defendant chooses to do so, plaintiff should not be penalized. In any

event, as her budget included expenses for herself as well as the children, we believe the child support payment of $50 per week should be included in her income. This leaves defendant with a deficit of $166 per week. This is the amount we will award defendant in alimony[1] for five years. This provides defendant with time in which to either sell the home after the minor child reaches majority or otherwise improve her financial position herself, through raises or investments of the property already awarded her. This result grants defendant her full amount requested of $410 per week for a reasonable period and leaves plaintiff with $303 per week. Both parties now have an income which meets the budget requirements stated at trial for themselves.

Our review of the record reveals that the trial court erred in granting of attorney fees to defendant. Defendant was awarded $2,700 from a certificate of deposit. She had $500 in savings and $300 in savings bonds as well as approximately $10,000 in cash value of life insurance policies. As defendant had a total of approximately $13,500 in liquid funds plus the entire equity of the home while plaintiff's liquid assets were approximately $5,000, we cannot allow the award of attorney fees to stand. This is not the situation that was present in *Ozdaglar v Ozdaglar,* 126 Mich App 468; 337 NW2d 361 (1983), where the wife was awarded only sufficient assets to put herself through school and did not receive any alimony.

"This Court has generally followed the rule that ' "attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation." '. *Gove v Gove,* 71 Mich App 431,

[1] We intend these payments to be tax deductible by plaintiff and income to defendant.

435; 248 NW2d 573 (1976), quoting *Mixon v Mixon,* 51 Mich App 696, 700; 216 NW2d 625 (1974); *Vaclav v Vaclav,* 96 Mich App 584, 593; 293 NW2d 613 (1980)." *Donahue v Donahue,* 134 Mich App 696, 701; 352 NW2d 705 (1984).

We find defendant actually better able to pay her attorney fees than plaintiff.

Accordingly, the trial court's opinion is modified as to the alimony, reversed as to attorney fees, and affirmed as to the property settlement.

Affirmed in part, modified in part, and reversed in part. No costs, neither party having fully prevailed.