RETHMAN v RETHMAN

Docket No. 84414. Submitted June 4, 1986, at Lansing. Decided November 4, 1986.

Katherine A. Rethman brought an action in the Saginaw Circuit Court seeking a judgment of divorce from John E. Rethman. The trial court, Robert S. Gilbert, J., entered an order and judgment granting a divorce, listing a property settlement, and awarding alimony and attorney fees to the plaintiff. Defendant appeals from several portions of the divorce judgment.

The Court of Appeals *held*:

1. Viewing the property division as a whole, the award in this case is generally inequitable and unfair.

2. The trial court's $184,500 valuation of the parties' dental lab business was clearly erroneous. On remand, the dental lab business shall be valued at $104,500. In the amended divorce judgment, defendant shall be ordered to pay $800 per month with no interest until plaintiff's one-half interest in the lab of $52,250 is paid for in full.

3. The award of attorney fees is reversed. Judgment on remand shall reflect that plaintiff is responsible for her own attorney fees and for her counselling fees with a clinical psychologist.

4. The parties shall bear equally the liabilities of the 1984 tax assessment on the dental lab business of $17,000 and a loan of $1,765.61. The alimony provisions shall remain undisturbed.

Reversed in part and remanded for modification.

1. Divorce — Division of Marital Property.

There are no mathematical formulas which govern the division of property in a divorce action; such division need not be equal, however, a trial court's division of property may be reversed where the division is inequitable or unfair.

References

Am Jur 2d, Divorce and Separation §§ 589 *et seq.,* 864, 870 *et seq.*
Divorce: equitable distribution doctrine. 41 ALR4th 481.
See also the annotations in the Index to Annotations under Attorneys' Fees.

2. DIVORCE — ATTORNEY FEES.

>Attorney fees are not awarded in a divorce case as a matter of right but only where necessary to a party's ability to continue with the litigation.

*W. Gerber Otto,* for plaintiff.

*Walter Martin, Jr.,* for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

M. J. KELLY, P.J. Defendant John Rethman appeals as of right from several portions of a divorce judgment entered April 4, 1985. We reverse in part and remand to the trial court for modification as further provided in this opinion.

Plaintiff and defendant were married on December 19, 1958. Three children were born of the marriage, all of whom had reached the age of majority at the conclusion of this divorce action, which was commenced by plaintiff in December of 1982. During the first ten years of the marriage, defendant was employed as a dental technician while plaintiff earned money babysitting and cleaning dental offices. In 1968, defendant opened his own dental lab, making dentures and other devices for dentists in the Saginaw area. Plaintiff initially worked full-time at the lab, in charge of the billings, cleaning and all of the pickups and deliveries. After the first 1½ to 2 years, both parties agreed that plaintiff should reduce her hours at the lab to spend more time with their children. Plaintiff continued working part-time at the business until April of 1983.

After plaintiff filed for divorce, defendant moved out of the marital home. Pursuant to an agreement between the parties, the house was placed on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the market and sold in September of 1983. During the nine or ten months that plaintiff resided in the marital home pending the divorce, defendant paid all household bills and maintained plaintiff on the parties' joint checking account. After the sale of the house, plaintiff moved into a condominium and defendant began paying her $1,250 per month plus the reasonable costs of tuition, books and miscellaneous fees incurred by plaintiff while she attended college. The proceeds from the sale of the house were split in half.

Prior to the divorce trial, plaintiff submitted over fifty job applications to various employers. She received two offers, both of which she rejected because the jobs required her to move out of town. Instead, plaintiff worked part-time at several jobs and was unemployed at the time of trial. Plaintiff testified that she suffered from a nervous condition for which she was being treated by a clinical psychologist. Otherwise, plaintiff's health was good.

Prior to trial, the parties stipulated to the division of most of the marital property. With the exception of a few pieces, both parties agreed to keep the clothes and furniture that were in their possession at the time of trial. In addition, each party received assets valued at $49,653. Plaintiff received mostly cash as her share of the marital assets whereas the amount received by defendant in cash was approximately $13,000. The parties could not agree on the valuation of the dental lab for purposes of determining the value of plaintiff's interest. Nor could the parties agree on alimony, attorney fees and several miscellaneous debts.

Trial of these unresolved matters spanned a period of four days. At its conclusion, the court valued the dental lab at $184,500 and ordered defendant to pay plaintiff one-half of that amount

or $92,250, in monthly installments of $1,000 without interest. Defendant was in turn awarded sole ownership of the lab. The trial court also awarded plaintiff alimony of $1,000 a month effective April 1, 1985, until October 1, 1985, $900 per month thereafter until April 1, 1986, and $800 a month thereafter until plaintiff's death, remarriage or until further order of the court. Finally, the trial court ordered defendant to pay plaintiff's counseling bill of $1,200, the parties' Golden Credit Line loan of $1,765.61, the business' unpaid 1984 income tax liability of $17,000 and plaintiff's partial attorney fees and trial expenses up to the amount of $2,000.

Defendant contends that the court's valuation of the dental lab is excessive as is the amount and length of the alimony award. Defendant also contends that the parties should be jointly liable for the loan and for the 1984 tax liability and that plaintiff should be solely responsible for her counseling bill as well as her attorney fees and trial costs.

We recognize that there are no mathematical formulas which govern the division of property in a divorce action and that the division need not be equal. *Christofferson v Christofferson,* 363 Mich 421, 426; 109 NW2d 848 (1961); *Wilkins v Wilkins,* 149 Mich App 779, 788; 386 NW2d 677 (1986). However, viewing the property division as a whole, we are persuaded that the award in this case is generally inequitable.

At the time of trial, plaintiff had received approximately $49,000 in cash as well as apartment furnishings and no debts or liabilities. Defendant received assets of an equivalent value, some of which were encumbered by loan obligations. With the entry of the divorce judgment, plaintiff will receive $1,000 per month for a period of about

seven years as her interest in the dental lab as well as alimony ranging between $1,000 and $800 per month. At a minimum, this guarantees plaintiff an income of $21,200 over the next seven years in addition to whatever she is able to earn through her employment and through investment of the $49,000 in cash assets. Plaintiff is relatively young, has no minor children to care for at home and, according to her own testimony, has the potential to move into any one of a number of careers, given the proper education and training.

Defendant, on the other hand, received a lesser sum of cash in addition to a sailboat and two motor vehicles and his business. In 1984, the business income was $96,000. Out of that amount, defendant testified that he paid approximately $45,000 in taxes and insurance, leaving him with $51,000 for personal needs. If 1984 is a typical year, as evidenced by the testimony, defendant is left with just under $30,000 after payment of alimony and plaintiff's interest in the business. Given the fact that defendant must work at least fifty hours a week to produce this income and that plaintiff has unexercised earning capacity as well as a sum of cash and approximately $22,000 in annual income, we are persuaded that the property division in this case, viewed as a whole, is unfair.

We find the trial judge's valuation of the dental lab clearly erroneous. *Keen v Keen,* 145 Mich App 824, 831; 378 NW2d 612 (1985). The parties each called expert witnesses to give testimony regarding the value of the dental lab. Plaintiff's witness appraised the lab at $238,000 and defendant's witness appraised it at $63,000. The court valued the asset at $184,500 which was in between those two amounts. However, the court did not consider the accounts payable, did not consider depreciation

of the hard assets and did not give adequate weight to the testimony of a willing buyer who made an offer which discounted entirely any dollar value for good will.

On remand, the parties' dental lab business shall be valued at $104,500. That amount represents $64,500 in tangible assets as computed by the trial court and accepted by both parties, plus $40,000 in accounts receivable, according to the trial court's findings. We eliminate the court's valuation of the going-concern value of the business because it does not take into account any depreciation in the value of the business assets over the years in question and because the going-concern value of the business was not discounted to its present value. We attribute these omissions to the plaintiff's failure to produce the appropriate expert testimony and we therefore decline to remand for further valuation. In the amended divorce judgment, defendant shall be ordered to pay $800 per month with no interest until the amount of $52,250 is paid in full, to satisfy plaintiff's one-half interest in the lab.

We reverse the award of attorney fees. Judgment on remand shall reflect that plaintiff is responsible for her own attorney fees and counseling fees, since attorney fees are not recoverable as a matter of right but only where necessary to a party's ability to continue with the litigation. *Fulton v Fulton,* 143 Mich App 187, 192; 371 NW2d 522 (1985). In addition, the parties shall bear equally the liabilities of the 1984 tax assessment of $17,000 and the Golden Credit Line loan of $1,765.61. The alimony provisions of the divorce judgment shall remain undisturbed.

Reversed in part and remanded for modification as provided in this opinion.