RICKEL v RICKEL

Docket No. 98250. Submitted June 27, 1988, at Detroit. Decided June 19, 1989.

Plaintiff, John M. Rickel, and defendant, Annette U. Rickel, were divorced by order of the Wayne Circuit Court, John A. Murphy, J. Plaintiff appealed from the court's order dividing marital assets and establishing child support.

The Court of Appeals *held:*

1. The trial court did not clearly err in valuing plaintiff's law and accounting practice at $100,000. The $100,000 valuation was within the range of figures given by the expert witnesses.

2. The court abused its discretion in ordering plaintiff to pay $800 per month in child support. The appropriate weekly expenses to support the child in an appropriate manner are $282 per week, one-half of which should be paid by plaintiff and one-half by defendant. The matter is remanded to the trial court for entry of an order setting child support for plaintiff in the amount of $141 per week from the date of the order appealed from, January 15, 1987.

3. The trial court clearly abused its discretion in awarding plaintiff $50,000 as his interest in the $289,000 marital home. The court determined that there was a $173,000 differential gain (stipulated price of $289,000 minus acquisition price of $116,000) on the marital home. The court made no finding of fault as to either party, and the factors to be considered in arriving at a property settlement favor a relatively equal division. Plaintiff is entitled to one-half of the differential gain on the marital home. The matter is remanded for the entry of an award in favor of plaintiff of $86,500 as his interest in the marital home to be paid by defendant within six months from the date of entry of this judgment.

Reversed and remanded.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 937 *et seq.,* 1039-1042.

Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.

Evaluation of interest in law firm or medical partnership for purposes of division of property in divorce proceedings. 74 ALR3d 621.

M. WARSHAWSKY, J., dissented. He would hold that the trial court did not clearly abuse its discretion in awarding $800 per month in child support in light of evidence as to both parties' incomes, the standard of living of the parties, and plaintiff's offer to pay twenty percent of his income in child support. He also would hold that the trial court did not clearly abuse its discretion in awarding plaintiff $50,000 as his interest in the marital home and that the trial court's division was equitable under the circumstances of this case. He would affirm.

1. APPEAL — FINDINGS OF FACT — VALUATION OF ASSETS.

The valuation of an asset by a trial court is a finding of fact that will be reversed only if it is found to be clearly erroneous (MCR 2.613[C]).

2. APPEAL — VALUATION OF PROFESSIONAL PRACTICE.

The Court of Appeals in reviewing the valuation of a professional practice will review the method applied by the trial court and its application of that method to determine if the trial court's evaluation was clearly erroneous.

3. DIVORCE — CHILD SUPPORT.

The needs of the children and the parents' abilities to pay are to be considered in determining the amount of child support a noncustodial parent should pay; where the abilities of the parties to pay are relatively equal, their support obligations should be relatively equal.

4. DIVORCE — DIVISION OF PROPERTY — VALUATION OF ASSETS.

The division of marital property in a divorce action must be equitable; an award to one party of the entire amount by which an asset increases in value during the marriage is error where the factors to be considered in determining a division of marital property favor an equal distribution.

*Prather, Harrington & Foley, P.C.* (by *Kenneth E. Prather*), for plaintiff.

*Buesser, Buesser, Blank, Lynch, Fryhoff & Graham* (by *Frederick G. Buesser, Jr.,* and *Timothy T. Fryhoff*), for defendant.

Before: Michael J. Kelly, P.J., and Maher and
M. Warshawsky,* JJ.

Michael J. Kelly, P.J. Plaintiff appeals as of
right a January 15, 1987, order of the circuit court
dividing marital assets and establishing child sup-
port pursuant to a bifurcated divorce action in
which the court had previously entered judgment
of divorce and awarded custody on November 25,
1986.

The parties were married on August 12, 1967, in
East Lansing, Michigan. At the time of the mar-
riage, plaintiff was licensed to practice law in
Michigan and defendant possessed B.A. and M.A.
degrees in education. Additionally, in 1972, defen-
dant received a doctoral degree in education.
Plaintiff brought the instant action for dissolution
of the marriage on August 6, 1986. Plaintiff ap-
peals from the property settlement, including the
valuation of his law/CPA practice and the amount
of child support payments ordered, determined
following hearings on December 2 and 3, 1986,
through a written opinion issued on December 30,
1986.

Plaintiff-appellant raises three issues on appeal.
Plaintiff first argues that the trial court clearly
erred by valuing plaintiff's law/CPA practice at
$100,000. The valuation of an asset by the trial
court is a finding of fact that this Court will
reverse only if it is found to be clearly erroneous.
*Kowalesky v Kowalesky,* 148 Mich App 151, 155;
384 NW2d 112 (1986), lv den 425 Mich 876 (1986);
MCR 2.613(C). A ruling may be found to be clearly
erroneous only where, after reviewing the entire
record, we are left with the definite and firm
conviction that a mistake has been made. *Kowale-
sky, supra.* In reviewing the valuation of a profes-

* Circuit judge, sitting on the Court of Appeals by assignment.

sional practice, this Court will review the method applied by the trial court, and its application of that method, to determine if the trial court's valuation was clearly erroneous. *Kowalesky, supra,* pp 155-156. See also *Rethman v Rethman,* 156 Mich App 74, 77-79; 401 NW2d 314 (1986), vacated on other grounds 429 Mich 868 (1987).

In the present case, we find no clear error by the trial court. Each party presented expert testimony on the valuation of plaintiff's law/CPA practice. Plaintiff presented Don Gill, a certified public accountant and audit partner at Plante Moran. Gill testified concerning his principal method of evaluating professional practices and valued plaintiff's practice at $31,000. Defendant's expert was Gerald Carnago, a practicing attorney and certified public accountant. He testified concerning his methodology and valued plaintiff's business at $228,000 to $400,000. The trial court's evaluation of $100,000 was within the range of figures given by the parties' experts and, therefore, was not clearly erroneous. See *Kowalesky, supra,* pp 156-157. Indeed, the trial court found both valuations unconvincing and reached the $100,000 value by "a synthesis of impressions and conclusions and of evaluating factors that surround a professional practice." We find no error.

Plaintiff next argues that the trial court abused its discretion by ordering the plaintiff to pay $800 per month in child support. We agree.

The determination of child support is for the trial court, not the parties. *Hoke v Hoke,* 162 Mich App 201, 206; 412 NW2d 694 (1987). In determining the amount of child support, the court is to consider the needs of the children and the parents' abilities to pay. *Id.* Each case must be decided on its own merits based upon facts shown in the testimonial record. *Id.,* p 207. Although this Court

reviews orders of child support de novo, much discretion is vested in the trial court and the exercise of that discretion generally is presumed to be correct. *Dunn v Dunn,* 105 Mich App 793, 797; 307 NW2d 424 (1981).

> The amount of child support should be determined by need in light of ability to pay. [*Vaclav v Vaclav,* 96 Mich App 584, 588; 293 NW2d 613 (1980), citing *Baird v Baird,* 368 Mich 536, 541; 118 NW2d 427 (1962).]

The trial court found that defendant wife's request for $1,200 per month child support was not convincingly supported and contained unnecessary and exaggerated requests. On the other hand, the court found plaintiff father's proposal of $491 per month "penurious and restrictive." Both parties have an adequate ability to pay child support. Defendant wife's tax returns indicate that her average net income for the years 1983, 1984, and 1985 was $54,847. Her ability to support the child is at least as great as plaintiff's. It follows that their support obligations should be relatively equal. Rather than send this back for reexamination by the trial judge's successor, we have reviewed the proffered expenses by the plaintiff, eliminated those items we consider inappropriate and reduced those items we consider exaggerated, and we conclude that appropriate weekly expenses to support this child in an appropriate manner are $282 per week, one-half of which should be paid by plaintiff and one-half by defendant. We remand to the trial court for entry of an order setting child support for plaintiff-appellant in the amount of $141 per week from the date of the order appealed from, January 15, 1987.

Last, plaintiff argues that the trial court abused

its discretion in dividing the property, particularly where plaintiff was awarded $50,000 as his interest in the $289,000 marital home. Quoting from defendant-appellee's brief, defendant says:

> In light of the evidence that defendant was primarily responsible for the acquisition of the home, it is only fair that she benefit from its appreciation.

This stands property distribution evaluation on its head. Defendant testified that she contributed her income both from earnings and investments into a joint account for mutual use of the parties. Were we to sanction a distribution based upon allocation of one party's assets toward a capital investment of ascending appreciation, the rule that equitable distribution is the norm in this state would be completely savaged. This distribution clearly constitutes an abuse of discretion. In its opinion and judgment the trial court made the following property division:

Defendant

| | |
|---|---|
| Stocks, bonds and savings acquired by inheritance or gift | $ 327,299 |
| Pension and IRA | 81,862 |
| Marital Home | 289,000 |
| less plaintiff's interest | (50,000) |
| 1982 Firebird purchased by defendant | 4,950 |
| New York City apartment and furnishing purchased (95%) by defendant in 1983 | 147,500 |
| Jewelry and Furs | 10,000 |
| Land Contract Receivable | 5,000 |
| Gross Total = 815,611 (64.0%) | (69.8%) |
| Gross total less property undisputedly acquired by defendant gift or inheritance | $ 488,312 |
| | (69.8%) |

Plaintiff

| | |
|---|---|
| Stocks and bonds | $ 237,816 |
|   acquired by inheritance or gift | |
| Specific personal property, similarly | 10,000 |
|   acquired including an early 1900's | |
|   Steinway Grand piano, roughly valued | |
|   at $10,000 | |
| IRA | 7,196 |
| 22553 Statler, St. Clair Shores and | 24,000 |
|   contents purchased by H.W. Progeny | |
|   Corp., of which plaintiff is apparently | |
|   the sole shareholder | |
| 1981 Corvette | 10,200 |
|   purchased by defendant | |
| 1984 Wellcraft Zoo (boat) | 9,000 |
| Interest in marital home | 50,000 |
| Interest in plaintiff's law/CPA firm of | |
|   Rickel, Earle & Wokas | 100,000 |
| Life insurance policy cash surrender value | 3,065 |
| 1979 Chevrolet Malibu | 1,400 |
|   purchased by plaintiff in Nov. 1986 | |
| Interest in Acquirer's Investment Club | 6,751 |
| Gross total | $ 459,428 |
| | (36.0%) |
| Gross total less property undisputedly | |
|   acquired by plaintiff by gift or | |
|   inheritance | $ 211,612 |
| | (30.2%) |

Also, pursuant to a stipulation entered December 2, 1986, plaintiff remained obligated to repay the $45,900 balance of a loan he took out in 1983 to pay household expenses. The following factors are relatively equal: The parties' ages, abilities to earn, health, economic contributions to the marriage over the years and the parties' needs. The length of the marriage, disregarding entirely the

parties' prior divorce action in Washtenaw County
which was set aside, warrants a relatively equal
property division. The trial court made no finding
of fault as to either party. Nevertheless, the court
found as follows:

> The Court turns next to Defendant's paragraph
> 7 j which appears on page 13 which discusses the
> marital home of the parties at 68 Cloverly, Grosse
> Pointe Farms, Michigan. The parties are in agree-
> ment that its present value is $289,000. There is
> also agreement that the equity from the Westches-
> ter home helped make up the down payment
> required towards the original purchase price of
> $9,600 [sic $96,000], it is not disputed that an
> additional $20,000 was paid out by Mrs. Rickel to
> make necessary and desired alterations to the
> home. Finally, the Court takes due cognizance of
> the fact that at one time or another mortgage
> payments and upkeep costs were made by both
> spouses as well as payment of taxes and insurance
> premiums. All in all, the Court believes that not-
> withstanding these various contributions by both,
> an exact calculable amount of each party's giving
> would be impracticable and not at all helpful. A
> factor that the Court feels duty bound to consider
> and to which neither party has made reference is
> that the original acquisition price of $9,600 [sic:
> 96,000] plus $20,000 improvements thereon reveals
> an "original" acquisition price of $116,000. Substi-
> tuting this amount from the stipulated price of
> $289,000 results in a net market value differential
> gain to the parties of $173,000. Again, while being
> mindful of each party's contention as to their
> claims of contribution toward the value and up-
> keep of the property the Court is convinced that
> good conscience and the interest of justice require
> that some allowance be considered for Mr. Rickel's
> marital interest in the Cloverly home. Accord-
> ingly, the Court will award $50,000 to be paid by
> Mrs. Rickel to Mr. Rickel within 12 months from
> the dte [sic] of entry of Judgment.

Accepting the court's figure of a $173,000 differential gain to the parties' property, we divide that differential gain 50/50 and remand for award of $86,500 to plaintiff-appellant, reversing the trial court's award of $50,000. In other words, the amount of the plaintiff-appellant's interest in the marital home is increased by $36,500 and we remand for entry of an award in favor of the plaintiff husband of $86,500 to be paid by Mrs. Rickel to Mr. Rickel within six months from the date of the entry of this judgment. (The trial court order originally permitted payment within twelve months of the date of entry in the trial court).

Reversed and remanded for entry of an order decreasing plaintiff's support obligation to $141 per week and increasing award of plaintiff-husband's interest in the marital home to $86,500.

MAHER, J., concurred.

M. WARSHAWSKY, J. (*dissenting*). I respectfully dissent from the majority opinion in this case as to child support and the division of the parties' interests in the marital home.

First, I do not agree that the trial court *clearly* abused its discretion in awarding $800 per month in child support. Plaintiff proposed that he pay $491 per month in child support, as that figure represented twenty percent of his 1986 net income, projected by plaintiff to be $29,519. As noted by the majority of this panel, the trial court specifically found plaintiff's proposal to be "penurious and restrictive." Moreover, the trial court characterized plaintiff's projected 1986 gross income of $49,100 and net income of $29,519 as "conjectural and extremely conservative." Some evidence indicated that plaintiff's 1985 income was $82,700 and that his income for 1986 would be at least as

great. Although plaintiff projected that he would pay approximately $19,500 in taxes in 1986, evidence was presented that defendant paid virtually no income taxes for the several preceding years. The trial court apparently accepted defendant's proposed finding that plaintiff's 1986 income would be $48,000 and accepted plaintiff's offer to pay twenty percent of his income in child support, resulting in $800 per month in child support payments. I believe that the amount awarded was proper in light of evidence as to both parties' incomes, the standard of living of the parties and plaintiff's offer to pay twenty percent of his income in child support.

Second, I do not agree that the trial court clearly abused its discretion in awarding plaintiff $50,000 as his interest in the marital home rather than $86,500, which represents one-half of a $173,000 differential gain to the property. The division of property is not governed by a mathematical formula and, thus, an equal division is not required. *Pelton v Pelton,* 167 Mich App 22, 26; 421 NW2d 560 (1988). There was evidence presented by which the entire acquisition of the marital home could be traced to defendant. I believe the division is equitable under the circumstances, and I would not substitute my judgment for that of the trial court in this regard.

I would affirm.