*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW J. CREHAN,

        Plaintiff-Appellant,

v

TRISHA ANN ALLCHIN,

        Defendant-Appellee.

UNPUBLISHED
February 18, 2025
10:59 AM

No. 366834
Kent Circuit Court
LC No. 22-005774-NO

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant moved the trial court to dismiss plaintiff's claims after plaintiff failed to comply with discovery requests. The trial court granted defendant's motion and denied plaintiff's subsequent motion for reconsideration. We affirm.

In June 2022, plaintiff, representing himself, sued defendant for negligence related to an automobile collision. In January 2023, defendant moved to compel plaintiff to respond to discovery requests that defendant had served in November 2022. The parties stipulated to give plaintiff 28 days to serve the requested answers and documents. Plaintiff, however, missed this deadline again, and defendant moved for dismissal of the case.

At a hearing on the motion, plaintiff asserted that the delays were caused by waiting on third parties to complete certain requests and by his "brain fog" symptoms from having COVID-19. The parties agreed to adjourn the hearing, giving plaintiff an additional two weeks to comply with the discovery requests.

Plaintiff had not completed the discovery requests by the time of the next hearing. Plaintiff referred to his brain fog and explained that the interrogatories were nearly complete. Defense counsel argued that defendant still did not know basic information about the case, including whether plaintiff was seeking lost wages or was actually injured.

The trial court granted defendant's motion later that same day, dismissing the case with prejudice. The trial court issued an order that considered the factors provided in *Vicencio v Ramirez*, 211 Mich App 501; 536 NW2d 280 (1995), to explain its reasoning for the dismissal.

The trial court found that plaintiff's failure to comply with discovery was willful, considering his repeated opportunities to provide the information. Further, defendant had previously attempted to work with plaintiff to obtain the discovery, and had sought, and obtained, an order to compel. Specifically as it relates to the seventh of the *Vicencio* factors, the trial court explained, "Factor (7) weighs in Defendant's favor. Plaintiff has repeatedly failed to comply with orders of this Court. He has been provided multiple opportunities to participate in and proceed with this case. Thus, at this juncture, dismissal is an appropriate sanction."

Plaintiff subsequently moved to set aside the trial court's order, noting that he had gone to the emergency room five days before the last hearing and that he had served the discovery responses soon after the last hearing. Plaintiff argued that dismissal was not warranted, and the trial court did not properly consider other options. Defendant responded to this motion, and plaintiff replied.

The trial court found that plaintiff failed to rely on legal authority in support of his motion, but that it appeared to be a motion for reconsideration. The trial court denied plaintiff's motion because he "merely expand[ed] upon health issues" previously ruled on by the trial court.

Plaintiff now appeals.

As an initial matter, defendant argues that this Court lacks jurisdiction because plaintiff has repeatedly failed to pursue his appeal in conformity with the Michigan Court Rules. This Court, however, has jurisdiction over the timely filed claim of appeal from a final order of a circuit court. See MCR 7.203(A)(1); MCR 7.204(A)(1)(d).

First, plaintiff argues that the trial court erred by granting defendant's motion to dismiss. We review for an abuse of discretion a trial court's decision to dismiss a case. *Vicencio*, 211 Mich App at 506. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Ickes v Korte*, 331 Mich App 436, 440; 951 NW2d 699 (2020). We review for clear error a trial court's factual findings. *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 373-374; 983 NW2d 427 (2021). Clear error exists when this Court is left with a definite and firm conviction that the trial court made a mistake. *Id*. at 374. Finally, we review de novo whether the trial court properly applied the law. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 301; 14 NW3d 472 (2023).

When a party fails to comply with discovery, the other party may move to compel discovery. See MCR 2.313(A). If the nonmoving party fails to comply with a court order compelling discovery, then the trial court may order sanctions. MCR 2.313(B)(2). An involuntary dismissal is permitted when a party fails to comply with court rules or a court order. MCR 2.504(B)(1). "[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). Parties representing themselves are held "to the same standard in the presentation of [their] case[s] as would be required of a member of the bar." *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962).

"Dismissal is, however, a drastic step that should be taken with caution." *Tolas Oil & Gas Exploration Co*, 347 Mich App at 314. Before imposing dismissal as a sanction, a trial court must

"carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio*, 211 Mich App at 506. The nonexhaustive list of factors that a trial court should consider when it contemplates a dismissal sanction includes:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

Plaintiff challenges the trial court's consideration of the seventh factor, arguing that the trial court did not consider lesser sanctions explicitly on the record. Although there is no formulaic requirement to do so, the trial court explicitly considered each of the *Vicencio* factors, including the seventh factor. As the trial court noted, plaintiff had failed to comply with prior orders. Plaintiff's service of discovery responses after the trial court dismissed the case does not absolve him of his obligation to comply with the court rules and orders. The trial court's written opinion demonstrates that the trial court evaluated its options and concluded that dismissal was proper. See *Vicencio*, 211 Mich App at 506. The trial court evaluated each of the seven factors, specifically noting the ineffectiveness of previous efforts to get plaintiff to comply, and its explanation allows for meaningful appellate review. See *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 490; 997 NW2d 307 (2022). Therefore, the trial court did not fail to consider the seventh factor or, in these circumstances, abuse its discretion by granting defendant's motion for dismissal. See *Vicencio*, 211 Mich App at 507.

Next, plaintiff argues that the trial court erroneously treated his postdismissal motion as a motion for reconsideration. Plaintiff's motion was identified as a "Motion to Set Aside Opinion and Order and Reopen Case." In it, plaintiff included caselaw for his objection to the trial court's finding that dismissal was a proper sanction, but he did not identify under which rule he brought his motion. Plaintiff argues on appeal that his requested relief was warranted under MCR 2.612(C)(1) and that if he had wanted "to file a motion for reconsideration, it would have been so labeled," but he did not do so because MCR 2.119(F) does not allow for oral argument. Plaintiff did not, however, raise the issue of MCR 2.612(C) until he filed a "response" to defendant's response to his motion.

A party may not file any additional briefs, including reply briefs, except as provided by the trial court or otherwise provided in the court rules. MCR 2.119(A)(2)(b). Further, reply briefs are intended for rebuttal, rather than raising new issues. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). As the trial court noted, MCR 2.119(A)(1)(b) requires a party to identify the grounds and authority on which a motion is based. A motion for reconsideration is properly brought under MCR 2.119(F). Because plaintiff did not originally identify any basis for his motion, the trial court did not err by treating it as a motion for reconsideration.

We review for an abuse of discretion a trial court's decision regarding a motion for reconsideration. *Masrur v Regents of Univ of Mich*, 344 Mich App 102, 110; 999 NW2d 55 (2022). "Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or

by reasonable implication, will not be granted." MCR 2.119(F)(3). A moving party "must establish that (1) the trial court made a palpable error and (2) a different disposition would result from correction of the error." *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011).

The trial court did not err by denying plaintiff's motion on the basis that it presented, with some expansion, the health issues that he had alleged caused his failure to respond to discovery requests. Plaintiff also argues that the trial court's purported failure to consider lesser sanctions was a palpable error. As previously established, however, the trial court properly considered the *Vicencio* factors.

Finally, plaintiff argues that the trial court erred by denying his request to reinstate the case for excusable neglect. "An argument raised for the first time in a motion for reconsideration does not preserve that claim of error for appellate review." *Tolas Oil & Gas Exploration Co*, 347 Mich App at 300-301. Plaintiff notes that he raised MCR 2.612(C) in his reply to defendant's response to his motion to set aside the judgment, but this does not properly preserve the issue. See *id*.; *Bronson Methodist Hosp*, 298 Mich App at 199. Because plaintiff's excusable-neglect claim was not preserved for appeal, we decline to address the issue. See *Tolas Oil & Gas Exploration Co*, 347 Mich App at 294.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

-4-