*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH SUGHNEN YONGO,

Plaintiff-Appellant,

v

IKECHUKWU AUGUSTINE OKOCHI,

Defendant-Appellee.

UNPUBLISHED
March 25, 2025
12:16 PM

No. 371718
Ottawa Circuit Court
LC No. 23-100366-DM

Before: M. J. KELLY, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Plaintiff, appearing as a self-represented litigant, appeals as of right a judgment of divorce entered following a bench trial. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff and defendant were married in 2020 and divorced in 2024. After unsuccessful attempts to settle custody and support disputes through a facilitative and information-gathering conference, the Friend of the Court (FOC) recommended an initial order naming plaintiff as the children's primary physical custodian and granting defendant supervised parenting time. Both parties objected to that recommendation, and the matter proceeded to an evidentiary hearing before a referee. At the evidentiary hearing, plaintiff claimed, among other things, that defendant controlled and abused her physically and emotionally; neglected and endangered the children's health and well-being; physically and sexually abused EO; and prohibited plaintiff from driving, which hampered her ability to meet the children's everyday needs. Defendant disputed these allegations, asserting that he contributed to the children's care and that any transportation issues were a result of plaintiff's refusal to drive. Defendant also produced evidence indicating that plaintiff sometimes struggled with her mental health. Although both sides raised serious accusations, the children's doctor and daycare personnel testified that they lacked direct knowledge of defendant's alleged abuse or neglect of the children. As mandated reporters, they had never felt the need to contact Children's Protective Services.

At the close of the hearing, the referee concluded that neither party proved the allegations against the other party. The referee recommended that plaintiff have sole physical custody of the

-1-

children, that the parties have joint legal custody, and that defendant have two hours each week of supervised parenting time. The referee further recommended that after six supervised visits, defendant's parenting time should be extended to unsupervised weekend parenting time. Plaintiff raised numerous objections and requested a de novo hearing. Accordingly, the recommended order did not go into effect, and a de novo hearing was scheduled. The hearing was later adjourned and combined with the divorce bench trial.

After a multi-day combined divorce trial and de novo hearing, the trial court concluded that there was no credible evidence to support plaintiff's allegations that defendant abused and neglected either her or the children. Turning to its custody analysis, the trial court first concluded that the children had an established custodial environment with plaintiff. Before the separation, their established custodial environment had been with both parents. However, the court concluded that defendant's lack of parenting time since the separation, largely caused by plaintiff's refusal to allow defendant to see the children, had destroyed his established custodial environment with them.

Turning to the best-interest factors, the trial court found that the following factors favored plaintiff: MCL 722.23(a) (love, affection, and other emotional ties between the parties and the children), MCL 722.23(c) (capacity and disposition of the parties involved to meet the children's material needs), MCL 722.23(h) (children's home, school, and community record), and MCL 722.23(k) (domestic violence). Although the court found that factors (a) and (h) favored plaintiff, it expressly noted that this was only the case due to plaintiff's refusal to allow the children to have a relationship with defendant following her separation from him. The trial court found that MCL 722.23(g) (physical and mental health) and MCL 722.23(j) (willingness and ability of each party to facilitate and encourage a close and continuing relationship between the children and the other party) favored defendant.

The trial court found that the parties were equal with respect to the following factors, or that the factors favored neither party: MCL 722.23(b) (capacity and disposition of the parties to give the children love, affection, and guidance), MCL 722.23(d) (length of time the children have lived in a stable, satisfactory environment and the desirability of maintaining continuity), MCL 722.23(e) (permanence, as a family unit, of the existing or proposed custodial homes), and MCL 722.23(f) (moral fitness). The trial court found that MCL 722.23(g) and MCL 722.23(j) weighed most heavily under the circumstances, and on the basis of its analysis, ordered joint legal custody, with primary physical custody granted to plaintiff and parenting time granted to defendant.

Plaintiff moved for reconsideration, but the trial court denied her motion, noting that her claims of error were based on arguments that were, or could have been, raised at trial. The court was unpersuaded that any palpable error occurred. Plaintiff next moved for the trial judge's disqualification, alleging that the judge interrupted her presentation of evidence, improperly

excluded evidence, wrongly denied her motions, and treated her, as a self-represented litigant, differently than defendant's counsel. The trial court denied the motion. This appeal followed.[1]

## II. ANALYSIS

## A. STANDARDS OF REVIEW

"To expedite the resolution of a child custody dispute by prompt and final adjudication," we must affirm all orders and judgments of the circuit court pertaining to a child custody dispute "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28.

This Court applies three standards of review in child custody matters. "The great weight of the evidence applies to all findings of fact." *Vodvarka v Grasmeyer*, 259 Mich App 499, 507; 675 NW2d 847 (2003) (quotation marks and citation omitted). A trial court's factual finding is against the great weight of the evidence when it is so contrary to the weight of the evidence that it is unwarranted or is so plainly a miscarriage of justice that it would warrant a new trial. Fletcher v Fletcher, 447 Mich 871, 878-879; 526 NW2d 889 (1994). "An abuse of discretion standard is applied to a trial court's discretionary rulings such as custody decisions." *Vodvarka*, 259 Mich App at 507 (quotation marks and citation omitted). An abuse of discretion exists when a trial court's discretionary ruling, such as a custody decision, "is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). "Questions of law are reviewed for clear legal error." *Vodvarka*, 259 Mich App at 508 (quotation marks and citation omitted). "Clear legal error occurs when the trial court incorrectly chooses, interprets, or applies the law." *Brown v Brown*, 332 Mich App 1, 8; 955 NW2d 515 (2020) (quotation marks and citation omitted). We review de novo a trial court's application of the law to the facts, see *Kaeb v Kaeb*, 309 Mich App 556, 564; 873 NW2d 319 (2015), giving deference "to the trial court's factual judgments and special deference to the trial court's credibility assessments," *Brown*, 332 Mich App at 9.

We also review for an abuse of discretion a trial court's decisions on evidentiary issues, such as whether to admit or exclude evidence, *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010); whether to grant or deny motions to supplement the record or to strike witnesses, see *DOT v Frankenlust Lutheran Congregation*, 269 Mich App 570, 575; 711 NW2d 453 (2006); and whether to allow impeachment evidence, *Lima Twp v Bateson*, 302 Mich App 483, 501; 838 NW2d 898 (2013). We also review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009). Generally, an abuse of discretion occurs when a trial court selects an outcome outside the range of principled outcomes. *Edry*, 486 Mich at 639.

---

[1] This Court granted the motion of the Victim's Safe Harbor Foundation, Inc., Dr. Donna J. King, and Elisabeth Richards, to file a brief amicus curiae in this matter. *Yongo v Okochi*, unpublished order of the Court of Appeals, entered February 21, 2025 (Docket No. 371718).

Additionally, "[w]hether due process has been afforded is a constitutional issue that is reviewed de novo." *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 666; 997 NW2d 511 (2022) (quotation marks and citation omitted). Questions of statutory interpretation and the construction and application of court rules are also questions of law subject to de novo review. *Dextrom v Wexford* Co, 287 Mich App 406, 416; 789 NW2d 211 (2010).

Finally, a trial court's factual findings underlying a ruling on a motion for disqualification are reviewed for an abuse of discretion, and the court's application of the facts to the law is reviewed de novo. *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012).

## B. EXPERT TESTIMONY

Plaintiff argues that the trial court abused its discretion by denying her request to admit a witness who was an expert in coercive control and intimate partner violence. Amici likewise argue that the trial court abused its discretion by excluding this expert testimony.[2] We disagree.

In the present case, the trial court excluded the expert's testimony for two reasons. First, plaintiff's disclosure of the expert witness was untimely under the court's scheduling order. Trial courts may issue scheduling orders to "establish times for events and adopt other provisions the court deems appropriate . . . ." MCR 2.401(B)(2)(a). MCR 2.401(I) requires parties to serve and file witness lists that include, among other things, whether a witness is an expert and his or her field of expertise "[n]o later than the time directed by the court under subrule (B)(2)(a) . . . . The initial scheduling order in this case required the parties to identify their expert witnesses by "name, address and area of expertise" and state whether the expert would testify in person or by deposition "no later than 28 days before the close of discovery." Plaintiff failed to adhere to the order.[3]

---

[2] Amici also argue that the court erroneously considered testimony from Elisabeth Richards as that of a lay witness, rather than an expert. Plaintiff did not raise this matter in her statement of questions presented on appeal, nor is it discussed in any substantive detail in the body of her brief. Appellate review of the issue is therefore waived. *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019); see also MCR 7.212(C)(5) (stating that an appellate brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal"). Plaintiff discusses the issue again in her reply brief, but that is also not sufficient to preserve the issue for appeal. See MCR 7.212(G) (stating that "an appellant's reply brief must be "confined to rebuttal of the arguments in the appellee's or cross-appellee's brief."). Generally, absent extraordinary circumstances, amicus curiae cannot raise issues that have not been properly raised by the parties themselves. *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007) (quotation marks and citation omitted); see also MCR 7.212(H)(2) (stating that amicus briefs are "limited to the issues raised by the parties"). We thus decline to address the merits of amici's argument.

[3] We recognize that plaintiff largely represented herself in the proceedings below, and may not have had the same level of knowledge regarding court procedure as a licensed attorney. While self-represented litigants may at times be afforded some lenity, they are nevertheless expected to adhere to the Michigan Court Rules. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302

-4-

Second, the court found that the proposed expert testimony did not meet the requirements of MRE 702, which states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.[4]

The court reasoned that, because the expert had never had any personal contact with the parties or the children in this case, her testimony would have been limited to general explanations about coercion and control in domestic relationships. The court explained that it had extensive training regarding domestic disputes and experience hearing cases that involved coercion and control. As a result, the court did not believe that general explanations about intimate partner violence would further its understanding of the evidence, or help it to determine a fact at issue. We note, as an initial matter, that we have no reason to doubt the trial court's representation regarding its experience with cases of this nature.

Plaintiff challenges this reasoning on appeal, contending that the court had an obligation to admit the expert testimony because it met the standards set forth in MRE 702 and *Daubert v Merrell Dow Pharm, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993). But her argument is based on the incorrect assumption that a trial court is *required* to admit evidence under MRE 702 in the first instance. MRE 702 indicates that a witness who qualifies as an expert "by knowledge, skill, experience, training, or education *may* testify" if the enumerated conditions are met. (Emphasis added.) The word " 'may' is typically permissive," *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008), and will not be interpreted "as a word of command" unless there is something in the context that provides otherwise, *Mull v Equitable Life Assurance Soc*, 444 Mich 508, 519; 510 NW2d 184 (1994). Use of the word "may" in MRE 702 indicates that a trial court has discretion to allow an expert who meets the requirements of the rule to testify. Additionally, *Daubert* does not require a trial court to admit proposed expert testimony that will not help a trier of fact "to understand the evidence or to determine a fact in issue." *Daubert*, 509 US at 589.

---

(1973); see also *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984) (stating that in general, self-represented litigants "should be held to the same standards as members of the bar.")

[4] MRE 702 was amended on March 27, 2024, effective May 1, 2024. See ADM File No. 2022-30. The amendments do not affect the present case.

Plaintiff and amici nevertheless contend that excluding the testimony meant that gaps existed in the court's understanding of the facts and of plaintiff's argument. However, none of the proponents of this position expressly identify how the trial court's understanding was lacking or why the court's experience in the area of family law and intimate partner violence was insufficient to allow for proper review of the issues. At most, the implication seems to be that, if the court just had more information, then it would have adopted plaintiff's view of the issues. This is not the standard that dictates a trial court's responsibilities under MRE 702.

Moreover, other evidence was presented to support plaintiff's contention that defendant had abused her during the course of their relationship. On the first day of trial, plaintiff requested that the court allow her to call her OB/GYN, Dr. Joya Johnson, as a substitute for Dr. Joash Raj, who was named on the witness list submitted to the court. Dr. Johnson testified at length about the conditions of plaintiff's pregnancies, difficulties with scheduling due to plaintiff's lack of transportation, and her suspicions that plaintiff was being abused by defendant. Michelle Kooi, a longtime friend of plaintiff's, additionally testified about negative changes she observed in plaintiff's behavior after she married defendant, as well as about plaintiff's mental health struggles and her refusal to drive after previously being a confident driver. Tamea Frazier, a daycare employee, testified about her interactions with defendant and gave the opinion that defendant refused to allow plaintiff to speak to the daycare workers, to the point that she believed plaintiff did not speak English. She likewise testified regarding a bout of diarrhea that EO suffered from, which plaintiff maintained was caused by defendant forcing the children to drink soapy water.

The testimony of these witnesses, paired with the trial court's twenty years of experience in presiding over family law cases, was more than sufficient to present a clear picture of plaintiff's allegations of domestic violence. Indeed, because these witnesses had firsthand knowledge of plaintiff's circumstances prior to the divorce, the evidence was far more relevant than the evidence that could have been obtained from an expert witness who had never met the children or interacted with the family. As earlier stated, a trial court does not abuse its discretion by excluding expert testimony under MRE 702 if the testimony would not be helpful to the trier of fact. *Cirner v Tru-Valu Credit Union*, 171 Mich App 163, 169-170; 429 NW2d 820 (1988); *Daubert*, 509 US at 589. In this bench trial, the trier of fact was the court itself. Ultimately, plaintiff has not given this Court cause to question the trial court's reliance on its training and experience. For the foregoing reasons, we thus conclude that the trial court did not abuse its discretion by declining to admit the expert's testimony.

## C. EQUAL SUPPORT

In her statement of the issues presented on appeal, plaintiff next asks, "Did the court misjudge Defendant-Appellee's equal support claim, ignoring evidence that Plaintiff-Appellant alone provided for the children, breaching *Fletcher*'s factual record standard?" A review of the substance of plaintiff's appellate brief indicates that she did not substantively argue the merits of this issue. Appellants may not merely announce their positions and leave it to this Court to discover and rationalize the basis for their claims. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). This proposition applies equally to self-represented litigants as well as those represented by counsel. *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962). Plaintiff has thus abandoned this issue on appeal.

### D. DUE PROCESS

Plaintiff next contends that her due-process right to a fair trial was violated by the following: (1) errors arising from the evidentiary hearing, (2) the trial court's reliance on the flawed custody assessment, and (3) the trial court's denial of her motion for reconsideration. We find no due-process violations in this case.

#### 1. EVIDENTIARY HEARING

With respect to the evidentiary hearing, plaintiff asserts that her right to a fair trial was violated when the referee allowed the testimony of three witnesses who had not been previously disclosed and when she was not afforded the opportunity to testify at the hearing. She also asserts that the trial court abused its discretion when it denied her motion to strike these witnesses. Plaintiff's claims of error are without merit.

Parents in a custody case have a right to a fair trial, which includes fundamentally fair procedures in proceedings affecting the parent-child relationship. See *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003). In custody cases, MCL 552.507(4) requires the trial court to hold a de novo hearing on any matter that has been the subject of a referee hearing if a party requests a hearing within 21 days after the referee's recommendation is made available. The de novo hearing allows the trial court to make a new decision on the basis of the record of the previous hearing, new evidence presented at the de novo hearing, or a combination of both. MCL 552.507(6). A hearing is de novo if "[t]he parties have been given a full opportunity to present and preserve important evidence at the referee hearing" and, "[f]or findings of fact which the parties have objected, the parties are afforded a new opportunity to offer the same evidence to the court as was presented to the referee and to supplement that evidence with evidence that could not have been presented to the referee." MCL 552.507(5).

The trial court's opinion and order in this matter shows that the court based its decision almost exclusively on the evidence admitted at trial, which included plaintiff's extensive testimony. The one exception was the court's reference to the testimony of the children's pediatrician, who said at the evidentiary hearing that plaintiff had been " 'commendably diligent' " in keeping the children's medical appointments and that she had " 'shown herself to be a loving, caring, and responsible parent.' " Plaintiff erroneously asserts that defendant incorporated testimony from the evidentiary hearing about her mental health into his closing argument, but this assertion is not supported by the record. The basis of defendant's discussion of plaintiff's mental health was plaintiff's response to an FOC questionnaire and inferences from plaintiff's behavior and presentation of evidence. There was no mention of the mental-health testimony offered at the evidentiary hearing. We thus conclude that the combination trial and de novo hearing cured the alleged errors raised by plaintiff. Not only did plaintiff testify extensively, but the trial court issued a new decision that was based on the evidence admitted at trial, barring one exception that cut in plaintiff's favor. On this record, plaintiff has not established a due-process violation.

#### 2. CUSTODY ASSESSMENT

Plaintiff next contends that she was denied a fair trial as a result of the trial court's reliance on the allegedly flawed custody assessment. We disagree.

The FOC has the duty to "investigate all relevant facts, and to make a written report and recommendation to the parties and to the court, regarding child custody or parenting time, or both, if ordered to do so by the court." MCL 552.505(1)(g). When the parties did not reach an agreement regarding custody at the diversion conference, the trial court issued an order granting defendant's motion for a custody assessment. Although the trial court could have considered the resulting report, it was not ultimately admitted into evidence because plaintiff objected to it. See *Kuebler v Kuebler*, 346 Mich App 633, 656 n 11; 13 NW3d 339 (2023) ("[W]hile FOC reports may be considered under MRE 1101(b), they are not admissible into evidence over an objection from one of the parties"). Plaintiff has not cited any authority that relieves the FOC of its statutory duty when a parent objects to the performance of that duty.

In addition, plaintiff has not established that the trial court relied on the report to her detriment. Comparison of the trial court's summary of a report by FOC custody investigator Kim Herzhaft with the court's own assessment of the evidence indicates substantial differences that weighed in plaintiff's favor. In some instances, the trial court disagreed with Herzhaft's negative assessment of plaintiff's credibility, and the court's analysis of the factors in MCL 722.23(a) through (*l*) differed substantially from Herzhaft's recommended analysis—again in a manner that favored plaintiff. In short, plaintiff has not shown any reliance on the custody assessment, let alone reliance that rendered the trial court's findings against the great weight of the evidence, or its ultimate custody determination a palpable abuse of discretion.

### 3. RECONSIDERATION

Plaintiff also implies that the trial court violated her right to a fair trial by denying her motion for reconsideration. We disagree.

A trial court need not grant a motion for reconsideration that merely presents the same issues already ruled on by the court. MCR 2.119(F)(3). To obtain relief, the moving party "must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). An error is "palpable" if it is "[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest." *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011) (quotation marks and citation omitted). Our review of plaintiff's motion for reconsideration compels us to conclude that plaintiff's "palpable error" was that the trial court did not adopt her view of the evidence or refrain from exercising its right to control the proceedings in order to arrive at the truth effectively and efficiently. Therefore, we cannot agree with plaintiff's contention that the trial court abused its discretion by denying her motion for reconsideration.

### 4. IMPEACHMENT EVIDENCE

Plaintiff next implies that the trial court committed legal error and violated her right to due process by refusing to allow her to supplement the record by recalling Herzhaft for additional cross-examination testimony, as well as by denying her request to call a rebuttal witness to impeach one of defendant's witnesses. Again, we find no error.

As to Herzhaft, we have already discussed that she performed the FOC's statutory duty to complete a custody assessment in this case, that her report was not admitted into evidence, and

that the trial court's opinion and order indicate no reliance on the report. Even if we concluded that the trial court abused its discretion by denying plaintiff's motion to supplement the record, which we do not, plaintiff has not shown that the court's decision entitles her to relief. See MCR 2.613. Nor has plaintiff shown that the trial court committed clear legal error or abused its discretion when it denied her request to call a rebuttal witness. By requesting the opportunity to call this witness, plaintiff sought to rebut the testimony of a defense witness, who testified that he had not "intentionally lied to or betrayed someone who trusted [him] completely." Under MRE 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." The trial court properly interpreted and applied the rules of evidence to prohibit plaintiff from using extrinsic evidence to prove a specific instance of conduct for purposes of attacking the witness's credibility. No due-process violation occurred.

## 5. JUDICIAL BIAS

Plaintiff also contends that the trial judge should be disqualified because he repeatedly interrupted her presentation of evidence, objected on defendant's behalf, and made rulings in defendant's favor without legal justification. Plaintiff's claims are unavailing.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell*, 296 Mich App at 523. A trial judge is presumed to be unbiased, and the party moving for disqualification bears the burden of proving that the motion is justified. *Id*. MCR 2.003(C) lists several grounds warranting disqualification. Relevant to the instant appeal, disqualification is warranted when a judge is actually biased or prejudiced for or against a party. MCR 2.003(C)(1)(a).

Our thorough review of the record reveals no instances in which the trial court impermissibly interrupted plaintiff. Trial courts have a statutory duty to "control all proceedings during trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." MCL 768.29. The record shows that the trial court had to tell plaintiff numerous times to move along in her cross-examination, particularly in circumstances when, unwilling to accept answers that were not exactly what she wanted, plaintiff began to argue with the witness. The court also asked plaintiff to abandon lines of questioning that were irrelevant or impermissible, stopped her when she tried to introduce inadmissible evidence, and informed her of her mistakes when she made declaratory statements instead of asking questions of the witnesses. At one point, the trial court stopped plaintiff from approaching the bench so as to give the parties an opportunity to calm down during a particularly contentious portion of the hearing.

Plaintiff's assertion that the trial court objected on defendant's behalf is equally unavailing. On appeal, plaintiff does not direct us to the portion of the record in which this apparently occurred. See *Begin v Mich Bell Tel Co*, 284 Mich App 581, 590; 773 NW2d 271 (2009), overruled in part on other grounds in *Admire v Auto-Owners Ins Co*, 494 Mich 10; 831 NW2d 849 (2013) ("A party may not leave it to this Court to search for the factual basis to sustain or reject its position, but must support its position with specific references to the record."). Rather, plaintiff refers this Court to the motion to recuse that she filed in the trial court. There, she indicated three instances when she was unwilling to accept defendant's answer to a question on cross-examination. In those

instances, the court moved the proceeding along by explaining to her that her question was not proper, or that her question had been asked and answered, or that she should ask her next question. Again, this is not evidence of bias, but instances in which the trial court exercised its statutory authority and its expertise to manage the trial.

Plaintiff nevertheless contends that the trial judge was biased because he ruled in defendant's favor without legal justification. Disqualification on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant. *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). Plaintiff also asserts bias on the basis of the trial court's unfavorable rulings on key motions, providing as an example the court's denial of her motion to supplement the record with additional cross-examination testimony from Herzhaft. We have already concluded that this ruling was not an abuse of discretion, and it is not evidence of judicial bias.

For the foregoing reasons, we conclude that plaintiff has not overcome the presumption that the trial judge was unbiased. See *Mitchell*, 296 Mich App at 523. She has not suggested any extrajudicial event or information that could serve as a source of bias, see *In re MKK*, 286 Mich App at 566, and she cannot establish grounds for disqualification or prejudice on the basis of repeated rulings against her, see *In re Contempt of Henry*, 282 Mich App at 680.[5]

## III. CONCLUSION

Plaintiff has not established error with respect to the trial court's evidentiary rulings, nor has she established a due-process violation or that the trial judge was biased. Further, because plaintiff has not established that the trial judge "made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue," we affirm the judgment of divorce.

Affirmed.

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ Michelle M. Rick

---

[5] Plaintiff raises a number of additional arguments in her brief to this Court that she does not include in her statement of the questions presented. Ordinarily, we will not consider an issue that was not set forth in the statement of questions presented. *Mich Ed Ass'n v Secretary of State*, 280 Mich App 477, 488; 761 NW2d 234 (2008). Having reviewed these claims of error, we find them without merit and decline to address them further.

-10-